Brinkerhoff, J.
What would have been the rights, respectively, of Oliver Ormsby and Mrs. Longworth, in respect •to the lands of which Daniel Conner died ostensibly seized, had no agreement of compromise ever been made between them, is a question not necessary to determine in the present case; and we have looked into that question only so far as to enable us to see — what seems to us very apparent — that there was a serious and substantial question between them, in regard to which, parties fully informed as to the material facts — as to which, it does not appear that either party was ignorant — might honestly differ, and which constituted a proper subject matter of compromise. And such compromise having been made of mutual claims mutually doubtful, was a ■good consideration for the agreement here sought to be re•formed and enforced.
The allegations of the petition, and the facts as found by the district court, are substantially the same. The first and fourth assignments of error, therefore, make substantially the •same questions, and both of them go to the merits of the >whole case, as it appears of record.
*666 During the pendency of this case,, some of the principal! questions which it presents have been decided; and, so far as-we are concerned, settled by this court. In Davenport v. Sovil, 6 Ohio St. Rep. 459, it was held, that contracts concerning lands may be reformed, on the ground of mutual mistake of parties to them; and when thus reformed, may, in the same-proceeding, be enforced; and such mistake may be proved by parol. And in Clayton v. Freet, decided at this term (10 Ohio St. Rep. 544), the above mentioned doctrine of Davenport v. Sovil, was not only approved and followed, but was applied, as-is sought to be done in the case now before us, to a mistake-of parties as to the legal effect of words in a deed, descriptive of the limitations and extent of the legal estate intended to be conveyed, as distinguished from a description of the land itself.
These cases, it seems to us, are really conclusive against' the second and third assignments of error. It is urged in-argument, however, in behalf of plaintiffs in error, that even if it be granted that a court of equity will, on the ground of mistake, shown by parol evidence, reform an instrument so-as to restrict the estate conveyed, or agreed to be conveyed, still it will not reform the instrument, on the ground of mistake so shown, where the correction made has the effect to-enlarge the estate conveyed or agreed to be conveyed. And, this, because — it is said — in the latter ease the estate is, in effect, created and granted by parol, while in the former it is not. No authority is cited in support of this distinction, and. it seems to me to be more fanciful than real. Eor, if by our decree we restrict the operation of a deed which, by its terms, conveys an estate in fee simple, so as to make it operate only as a conveyance of a life estate, we as effectually reconvey the remainder after the termination of the life estate, to the-grantor, as we would convey such remainder to the grantee, if we enlarged the life estate to an estate in fee. Eor myself I do not pretend to be able to reconcile this line of decision with the letter of the statute of frauds; and the cases above cited proceed only upon the ground, that they belong to a class-of eases which, by a series of decisions, sanctioned by ltgis *667 lative policy, have come to be regarded as excepted from the-operation of the statute.
One question remains. Was the district court precluded; from affording the relief prayed for, on account of the lapse of time occurring between the time of the mistake and the time of the commencement of these proceedings ?
The mistake was made in 1819. The action to correct it was commenced in 1854 — a period of thirty-five years. But the district court find as a fact, that the mistake was not discovered by Longworth and wife until after the death of Ormsby,. and it is conceded that these proceedings were commenced within twenty-one years thereafter.
Now, this is not a case in which a court of law might have-concurrent jurisdiction with a court of equity; but is one of a purely equitable nature, not cognizable in a court of law-In such cases, the statute of limitations has no direct application, in them; courts of equity do not act in obedience to the-statute of limitations, “ but will apply the doctrine of neglect and lapse of time according to discretion, regulated by precedents and peculiar circumstances.” Hoffman V. C. in Lawrence v. Trustees, etc. 2 Denio, 581. It is a familiar and settled doctrine, that where, in a proper case, relief is sought in a court of equity on the ground of fraud, the lapse of time-generally applied by courts of equity, in analogy to the statute of limitations, will be reckoned only from the time of the discovery of the fraud.
The reason on which this doctrine rests, it is said by Lord Redesdale, is this, “ that as fraud is a secret thing, and may remain undiscovered for a length of time, during such time, the statute of limitations shall not operate; because, until discovery, the title to avoid it does not completely arise.” And,. “ pending the concealment of the fraud, the statute of limitations ought not in conscience to run; the conscience of the party being so affected that he ought not to be allowed to avail himself of the length of time, but after the discovery of the fact imputed as fraud, the party has a right to avail himself of the statute; he has a right to say — ‘ you shall not bring, this matter unto discussion after such a length of time, when *668 it is only through your own neglect that you did not do so within the time limited by the statute.’ ” Hovenden v. Lord Annesley, 2 Sc. & Lef. 634.
And in cases like this, where the correcting of the mistake disturbs no possession, and interferes with no investment in the way of improvements, or the like, made on the faith of the mistaken instrument, we can not see why, as a matter of principle, the same rule should not apply to cases of mistake. Mistake is as much “ a secret thing ” as fraud is; and for the party benefited by the fraud or mistake to set up the lapse of time against a case arising from either, until after the discovery of the fraud or mistake, is alike unconscionable in either case. And that the same rule does apply in the one case as in the other, was distinctly held by the English court of exchequer, sitting in equity, in Brookshank v. Smith, 2 Younge & Collyer’s R. 58. In that case, certain stocks had, by mistake, been transferred by trustees to a party not entitled to them; and the court decreed a re-transfer of the stocks; the time fixed by the statute of limitations for the commencement of an action at law in analogous cases, having •expired after the mistake, but not after its discovery. And the same doctrine is asserted by Judge Story. 2 Story’s Eq •sec. 1521a. And, moreover, it must be borne in mind that the plaintiffs have all along been, and still are, in possession, claiming a fee simple estate, of the premises intended to be conveyed by the instrument sought to be corrected. And lapse of time does not operate against the holder of a legal title in possession, filing his bill to extinguish an adversary claim, to the extent that it does against a complainant filing a bill demanding a surrender of the legal title and possession from the holder of them. Reardon v. Searcy’s heirs, 1 Litt. 53; Moore’s trustees v. Howe’s heirs, 4 Mon. 198; Miller v Bear, 3 Paige, 466. It is true, this principle does not apply -in all its force, to a case like this, when, under the deed in its uncorrected form, the complainants have, in virtue of the life estate thereby granted, been hitherto entitled to the possession; still, we think it has some application, and is entitled to some weight, in view of the facts found by the district *669 court, that the Longworths always claimed a fee simple title' in the premises, and they always, and Oliver Ormsby during-his lifetime, treated the property as if the former had in it an absolute estate in fee simple.
We conclude, therefore, that, upon the facts found by the-district court, and which, as the evidence is not embodied in the record, are not open to review by us, there was no error in the decree of that court.
Yet we deem it proper to say that, in respect to this last point, arising upon lapse of time, it must be admitted, and we-feel that we are going a great way, and to the extreme verge-of what a prudent administration of justice will admit; and" we therefore take occasion to add a word of caution, that this case may not be drawn into -precedent, except in cases like this, where the correcting of the mistake involves no change • of possession, disturbs no investment, and leaves the future enjoyment of the property involved to go on in harmony with-the prior acts of the parties in interest.

Judgment of district court affirmed.

Scott, C.J., and Sutliee, Peck and Gholson JJ., con-rcurre d.