Hackett
v.
Huson.

HACKETT *vs.* HUSON and YOUNGS.

THIS was an action of covenant, tried at the Yates circuit in February, 1828, before the Hon. ENOS T. THROOP, then one of the circuit judges.

The declaration was on a covenant entered into by the defendants, bearing date the 26th February, 1822, whereby the defendants, "for a valuable consideration," bound themselves to execute and deliver to the plaintiff, on or before the expiration of four years from the day of the date of the instrument, a good and sufficient warrantee deed of a lot of land in Wayne county, excepting thereout certain portions. The breach assigned was the non-delivery of the deed. On the trial of the cause, the plaintiff proved the covenant, the quantity and value of the land to be conveyed, and rested. The defendants applied for a nonsuit, for that the plaintiff had not shewn that he had prepared and demanded a deed to be executed by the defendants. The presiding judge ruled that the plaintiff for that cause must be nonsuited, unless he could shew a waiver by the defendants of such offer and demand.

Further testimony was then given, from which it appeared that in the summer of 1826 the defendants had not obtained title so as to enable them to convey; that subsequently Huson obtained title by a deed from Connecticut, and on the 19th August, 1826, tendered to the plaintiff a deed of the land, executed by himself and wife, and by Youngs the other defendant, but not by the wife of Youngs, the consideration expressed in which was $25, which it was admitted by the case was nothing like the value of the land. The plaintiff refused to receive the deed unless the value of the land was inserted as the consideration of the conveyance, which Huson refused to do. It further appeared, that about the 20th February, 1826, Huson then not having obtained his title, the plaintiff agreed that he would take no advantage of his inability to convey, if he gave him a deed when he pro-

*Where a vendor of real estate, who was under a contract to execute and deliver a deed by a day certain, executed and tendered a deed which the vendee refused to accept, on the allegation that the true consideration of the conveyance was not expressed in it; and where, from the evidence produced on the trial, the true sum which ought to have been inserted as the consideration did not appear, the court refused to set aside a nonsuit which had been ordered, and intimated their opinion that to put the vendor in default, the vendee should have prepared a deed conformable to the agreement, and presented it to the vendor for execution, who, on refusal, would have been liable to an action*

cured his title. After hearing this evidence, the judge directed the plaintiff to be nonsuited.

A motion was then made to set aside the nonsuit.

*W. Woods*, for plaintiff.

*I. Taylor*, for defendant.

,*By the Court*, Marcy, J. This is an action on a covenant to convey a certain piece of land situated in Wayne county. It is quite uncertain, from the case, what was the decision of the judge at the circuit. It is probably stated to be the reverse of what it really was. Take the whole case together, it would seem that the judge ruled that where a plaintiff has a covenant from the defendant to convey, he must prepare and tender a deed for the defendant to execute. This is the English rule, but it has not yet been adopted in this state. To put the vendor of real estate in default, it is necessary that the vendee should demand a deed, wait a reasonable time for the defendant to get it drawn, and then again present himself to receive it. (*Fuller* v. *Hubbard*, 6 Cowen, 1.) This was not done by the plaintiff in this case, nor did any thing take place between the parties to render the rule inapplicable, or to dispense with its observance. There was a deed tendered by the defendants, but it is said that it was not such a deed as the agreement contemplated. The case states that copies of the deeds were to be annexed to it. That has not been done, and of course we cannot say whether the deed was or was not sufficient. The only objection made to it was, that a sufficient consideration was not expressed in it. By the agreement, the defendants *for a valuable consideration*, (without specifying it,) became bound *to execute and deliver a good and sufficient warrantee deed* of certain premises. The consideration expressed in the deed tendered by the defendants was $25; and the plaintiff refused it because it was not for the full value of the land. This was the only objection made to it when it was tendered. On the trial it was shewn that the defendant Youngs had a wife, and she was not a party to the deed; but no objection was made to it on that account. It appeared that the

title to the premises came from Connecticut to Huson; and though Youngs joined in the deed, he had no title to the land. His wife could not therefore have a claim for dower. There is some doubt whether the objection to the deed made by the plaintiff was well founded. The agreement does not disclose any thing by which we can infer that the consideration for the deed was more than the sum expressed in it, or that the defendants were bound to put in it the full value of the land as the consideration. At all events, if the plaintiff did not consider that the defendants tendered a deed pursuant to the agreement, he should have prepared one that did conform to it, and presented it to them to be executed; and if they had refused to do it, they would then have been in default.

Motion to set aside nonsuit denied.