1832.

Miller
v.
Bear.

---

### M. & C. MILLER *vs.* BEAR and others.

A decree for a specific performance will not be made, unless all the parties in interest are before the court.

Where the party entitled to a specific performance of an agreement to convey land has been in the uninterrupted possession of the premises, an objection to a decree for a specific performance on account of the lapse of time cannot be sustained.

Where the purchase money is unpaid, or where there is a dispute between the original purchaser and the alleged assignee as to the right of the latter to a conveyance of the property, both should be made parties to the suit.

But where the assignee has the whole equitable interest in himself, and nothing remains to be done on the part of the assignor, who has parted with his entire interest in the property both at law and in equity, it is not necessary that the assignor should be made a party to a suit by the assignee for a specific performance of the original contract of sale.

August 27.

THIS was a bill for the specific performance of an agreement to convey a lot of land. Samuel Bear was the owner of part of the village plot of Schauyas; and for the purpose of inducing mechanics to settle there, and thus to increase the value of his other lots, he agreed to give village lots to several persons, if they would settle thereon as mechanics. Among others, he gave lot No. 37 to D. Nihart, a carpenter and joiner, who built thereon. The next year Nihart sold to F. Rathfon, a hatter, who moved on to the lot and carried on his trade there until his death, six or seven years afterwards. When Rathfon purchased Bear gave him a written agreement to convey the lot to him if he could make a bargain with Nihart for the same. Bear died, in 1807, without having conveyed the lot to Rathfon, and leaving three children, the present defendants,

then under age. After the death of Rathfon, his children and heirs and those claiming under them continued in possession of the lot until a parol partition of the estate of their father was made ; under which the complainant, M. Miller, now claimed the greatest part of the premises. In 1828, the defendants, as heirs at law of S. Bear, brought an ejectment suit against the complainant C. Miller the tenant of M. Miller the other complainant to recover possession of the lot ; whereupon this bill was filed, for an injunction, and to compel a conveyance of the legal estate to M. Miller.

*J. Clark*, for the complainants.

*J. Knox*, for the defendants.

THE CHANCELLOR. There could be no doubt as to the right to a specific performance of the agreement in this case, if all the proper parties were before the court to enable me to make a final decree so as to prevent further litigation. The evidence is abundant to show that Rathfon, at the time of his death, was entitled to a conveyance of the lot from the heirs at law of Bear. And there is no doubt that the conveyance would have been made by Bear, at any time while he was alive and competent to transact business, if it had been made out and presented to him for execution. The objection on account of the lapse of time cannot be sustained, as the person originally entitled to the conveyance and those claiming under him have been in the uninterrupted possession of the property, and using it as their own. (*Barbour* v. *Whitlock*, 4 *Monroe's R.* 197.) Under such circumstances, after the lapse of twenty years, it would probably be the duty of a jury to presume a conveyance in conformity to the agreement.

Upon the merits of this case I have no hesitation in saying that these defendants are wholly in the wrong. But the necessary parties are not before the court to enable me to make a final decree in the cause. The complainant, M. Miller, who now claims the property, is not the heir at law of Rathfon who was entitled to the conveyance, but he claims under the heirs. It has sometimes been doubted whether the as=

signee of a contract to purchase could sustain a bill for a specific performance without making the original purchaser a party. And where the purchase money remains unpaid, so that the vendor has an interest in having the vendee before the court, to obtain a decree for the payment thereof against him if a specific performance is decreed, or where there is a dispute between the original purchaser and the alleged assignee as to the right of the latter to the property, it may perhaps be proper to have both before the court, so as to save the vendor from further litigation. There are many cases where the assignee of a chose in action, or of an interest in property, is now permitted to sue without bringing the assignor before the court, where the latter was formerly held to be a necessary party. (2 *Rand. Rep.* 93. *Marshall's Kent. Rep.* 508. 7 *John. Ch. Rep.* 504.) Where the assignee has the whole equitable interest in himself, so that nothing remains to be done by the assignor, who has parted with his entire interest in the property, both at law and in equity, I see no benefit which can result to any person by making him a party. In the case of *Edgar* v. *Donnally & Jones,* (2 *Munf. Rep.* 387,) the assignee of an equitable interest in land was permitted to file a bill against the holder of the legal estate, for a conveyance, without making the assignor a party. And where the whole subject of controversy, and the entire legal and equitable right is vested in the parties before the court, as a general rule, it would seem that no further parties could be necessary. Such, however, is not the case here. One of the heirs of Rathfon was an infant, and therefore could not be bound by the partition even if she had joined in a conveyance. She should be before the court, so that she might exercise her right of election, either to be bound by the agreement for a partition, or claim her undivided interest in the property, including the equitable right to one sixth of the lot in controversy here. Two of the other heirs were femes covert, and could only be bound, by a conveyance duly acknowledged according to the statute. As the sale of their interest was merely by parol, the right to their shares is not legally vested in the complainant, M. Miller, under the deed from C. Miller and wife.

Again ; the complainants have no claim whatever to the six feet on the north side of the lot, which was reserved in the deed from Allaman and Eddington and their wives to Christian Miller. The several persons entitled to the conveyance of that part of the lot should also be before the court. The whole lot, by the original agreement, was to be conveyed to one person, and under one contract. And the defendants have a right to insist that the whole subject should be disposed of in one suit, that they may not be harrassed several times in relation to the same matter.

As there will probably be no difficulty in getting conveyances from all the heirs of Rathfon and their legal representatives, so as to vest their several interests according to the previous understanding between themselves, further litigation in this case is perhaps useless. I would therefore suggest to the parties to this suit the propriety and expediency of compromising the same by having the necessary conveyances executed by the defendants, so as to vest the legal title to the whole lot in the several persons who are equitably entitled to the same ; and in that case that the suit should be discontinued without costs as against either party. But if no such arrangement can be made, the cause must stand over, with leave to the complainants to file a supplemental bill, bringing all the necessary parties before the court. And in that case the question of costs on the original as well as on the supplemental bill is to be reserved until the final hearing.