## LUTWELLER *vs.* LINNELL.

Where a party covenants to convey land, he is not in default until the covenantee, being entitled to a conveyance, has demanded it; and having waited a reasonable time to have it drawn and executed, has made a second demand.

But if, on the first demand being made, the covenantor absolutely refuses to convey, *it seems* a second demand is unnecessary.

A declaration set forth a written agreement, under seal, executed by the plaintiff and defendant, by which the former agreed to work for the latter, for the period of sixteen months; in consideration of which the defendant agreed to give the plaintiff a quit-claim deed, or procure a deed from the auditor general's office, at his, the defendant's, election, of eighty acres of land in the county of A., state of Michigan, within the sixteen months, and to pay the plaintiff $70 in cash, &c. The first count of the declaration, after averring performance of the labor, by the plaintiff, alledged a demand upon the defendant that he should procure a deed from the *auditor general's office* of the eighty acres of land, and a refusal to do so. *Held,* that the first count was bad, in alledging a demand for a deed from the auditor general's office, when the plaintiff had his election to procure for the plaintiff a deed of that description, or to give him his own quit-claim deed.

The second count of the same declaration alledged that the defendant did not, nor would give to the plaintiff, or procure for him, a deed; nor did nor would pay the plaintiff for his work and labor, in the way, time and manner, required of the defendant by the terms of the agreement, but wholly neglected and refused so to do. *Held* that the second count was defective in not alledging any demand of a deed; but that it was substantially sufficient to entitle the plaintiff to recover the money part of the consideration agreed to be paid for his work; and that the plaintiff was therefore improperly nonsuited.

ACTION of covenant, tried before Marvin, justice, at the Monroe circuit, in February, 1848. The declaration contained two

counts.  The first count stated that the parties, on the first day of July, 1845, made and executed under their hands and seals, an agreement in the words and figures following, viz. "A contract made this first day of July, 1845, between Haskell Linnell of the first part and Jacob Lutweller of the second part, witnesseth; the said Jacob Lutweller agrees and binds himself to work for Haskell Linnell, to finish cabinet work and chairs at his shop, and when there is not finishing to do, said Jacob is to do other work in the shop as said Linnell wishes to have him do.  Said Jacob agrees to work faithfully for the said H. Linnnell the full term of sixteen months.  He is to work twenty-six days for a month, commencing the first day of June, 1845, and expiring 1846, making sixteen full months from date.  In consideration of the faithful performance of all the above and within instrument or contract, H. Linnell does agree on his part to give Jacob Lutweller a quit-claim deed, or procure a deed from the auditor general's office as said Linnell is disposed, of eighty acres of good farming wild land in the county of Allegan, state of Michigan, sometime within sixteen months from the date of this instrument.  Jacob may select any one of the number of the lots which said Linnell now has a deed for in his possession, should he make the selection soon.  Also said Linnell on his part agrees to give him seventy dollars in cash at the expiration of sixteen months—board and washing included.  Said Jacob is to work eleven hours per day.

Signed and sealed in pres-      HASKELL LINNELL.  [L. S.]
ence of Benjamin Pratt.      JACOB LUTWELLER.  [L. S.]"

The first count, after alledging specially the performance by the plaintiff for the defendant of the labor and services according to said agreement, proceeded to aver a demand on the 12th day of January, 1847, by the plaintiff upon the defendant "that he, the said defendant, would procure for the said plaintiff a deed from the auditor general's office, of said eighty acres of land in the said county of Allegan, and state of Michigan, according to the covenant of the said defendant as stated and set forth in the said agreement."  And alledging that the said defendant expressly refused so to do; and that the defendant on

his part had never at any time caused to be delivered to the plaintiff any such deed or conveyance, though requested so to do, but had wholly neglected and refused so to do.

The second count was substantially like the first, with the addition in the assignment of breaches as follows, viz.: "nor did or would the said defendant pay the said plaintiff for his said work and labor, in the way, time and manner required of said defendant in and by the terms of said agreement, but wholly neglected and refused so to do;" and entirely omitting any averment of a demand of a deed.

The defendant pleaded *non est factum.* At the trial the execution of the agreement by the parties was admitted, and the same was read in evidence. The plaintiff then offered evidence of the value of the Michigan lands, to which the defendant's counsel objected, on the ground that the declaration was defective in both counts. That the first count did not aver a demand of a quit-claim deed, but only of an auditor general's deed; and that no breach was assigned in the first count that the defendant refused to give the plaintiff a quit-claim deed; and that the second count did not aver a demand of any deed whatever. The justice reserved the objection, and received the evidence subject to the objection. Witnesses were then sworn and examined touching the value of the land; and the plaintiff rested.

The defendant's counsel then moved for a nonsuit, on the ground that there was no sufficient breach of the contract, assigned in the declaration. The plaintiff's counsel insisted that the declaration was sufficient to enable the plaintiff to recover; that at any rate the second count was sufficient, and that the whole declaration having been substantiated, and all the facts therein stated having been admitted and proved, the plaintiff had maintained the issue to be tried, and could not be nonsuited; and that the defendant's remedy must be by a motion in arrest of judgment. The justice however granted the motion for a nonsuit, which the plaintiff's counsel now moved to set aside, and for a new trial.

Lutweller *v.* Linnell.

*E. A. Hopkins*, for the plaintiff.

*H. K. Jerome*, for the defendant.

*By the Court*, WELLES, P. J. The first count is clearly bad on general demurrer. By the contract the defendant had his election to give the plaintiff his own quit-claim deed for the 80 acres of land in Michigan, or procure a deed from the auditor general. The demand was that the defendant would procure for the plaintiff a deed from the auditor general's office. The refusal of such a demand would not put the defendant in default.

The second count might be good on general demurrer. Part of the defendant's agreement was to pay the plaintiff $70 in cash. This must be taken to be a part of the compensation for the sixteen months' services, the performance of which was averred, in each count, and, by the plea of *non est factum*, these averments stood admitted upon the record. The breach in the second count is as follows : " Yet the said defendant on his part did not nor would give to the said plaintiff, or procure for him, a deed or conveyance of the said eighty acres of land in the county of Allegan in the state of Michigan, at the time and in the manner in and by said agreement agreed and covenanted by and on the part of the said defendant, *nor did or would the said defendant pay the said plaintiff for his said work and labor in the way, time and manner required of said defendant in and by the terms of the said agreement, but wholly neglected and refused so to do.*"

I think here was substantially enough to entitle the plaintiff to recover the money part of the consideration agreed to be paid for the work. There certainly was not enough averred in either count to authorize a recovery for not conveying or procuring a conveyance. In the first count the plaintiff avers a demand which the plaintiff was not bound to comply with, and in the second no demand whatever is averred. Where a party covenants to convey, he is not in default until the party who is to receive the conveyance, being entitled thereto, has demanded it ; and having waited a reasonable time to have it drawn and exe-

cuted, has made a second demand. (*Connelly* v. *Pierce,* 7
*Wend.* 129. *Fuller* v. *Hubbard,* 6 *Cowen,* 1. *Hackett* v. *Huson,* 3 *Wend.* 249.) If on the first demand being made, the
party should absolutely refuse, I suppose a second demand
would be unnecessary.

The rule that a plaintiff who proves all that is laid in his declaration ought to be nonsuited, if he fail to make out a cause of
action, applies only to cases where the declaration is so defective
that a verdict for the plaintiff on any part of it could not be
sustained. (*Safford* v. *Stevens,* 2 *Wend.* 158. *Boyd* v. *Townsend,* 4 *Hill,* 183. *Gregory* v. *Mack,* 3 *Id.* 380.) The breach
in the second count, being substantially good for the non-payment of the money, the plaintiff ought not to have been nonsuited.

The nonsuit should be set aside and a new trial granted, costs
to abide the event.

Ordered accordingly.

[MONROE GENERAL TERM, September 2, 1850. *Welles, Selden* and *Johnson,*
Justices.]