Prior to the enactment of the Code of Procedure, the subject matter of this action was cognizable only by a court of equity, courts of common law having no jurisdiction *Page 196 
to entertain a suit for the specific performance of a contract. The cause of action was therefore within the ten years' limitation prescribed. (2 R.S., p. 301, § 52.) The language of that section is: "Bills for relief, in case of the existence of a trust not cognizable by the courts of common law, and in all other cases not herein provided for, shall be filed within ten years after the cause thereof shall accrue, and not after." If a cause of action had ever accrued to the original vendor, the plaintiff's assignor, and the statute of limitations had been permitted to run against it, the bar of the statute could not be avoided, and a new cause of action created, upon the same contract, by the demand of specific performance by the assignee, in 1854. The right of action, once barred by statute, can only be revived by the act and assent of the party to be charged. (Kelsey v. Griswold, 6 Barb., 436.) The cause of action accrued whenever the plaintiff or his assignee could have filed a bill for the relief sought in this action. If, at any time, without further act on their part, or default or breach of duty on the part of the defendant, they could have come into a court of equity and entitled themselves to a specific performance of the contract, the statute of limitations commenced running from that time, and the lapse of the statutory period of ten years barred the action. In order to put a party in default, in the case of dependent covenants, so as to subject him to an action at law, there must be a tender of performance by the other party to the covenant or agreement, and a demand of performance on his part, and when an act is to be done requiring time for its performance, a reasonable time must be given for such performance, unless the party of whom the demand is made absolutely refuses to perform at the first demand. An action at law upon the contract, or to recover back the consideration as upon a rescission of the contract by the act of one of the contracting parties, can only be maintained upon such technical and formal default, unless it may be in some exceptional cases, as when a party has put it out of his power to perform, so that a tender and demand would be nugatory. The rule at law is well settled by a long line of cases, some of *Page 197 
which are cited by the plaintiff's counsel. (Hackett v.Huson, 3 Wend., 249; Blood v. Goodrich, 9 id., 68;Connolly v. Pierce, 7 id., 129; Fuller v. Hubbard, 6 Cow., 13; Lutweller v. Linnell, 12 Barb., 512.) The same principle applies when equitable relief is sought, on the alleged ground of a rescission of the contract by the act or default of one of the parties to it. (Brunell v. Jackson, 5 Seld., 535.)Wells v. Smith (2 Ed. Ch. R., 78; affirmed 7 Paige, 22), turned upon the construction of the contract, the question being whether time was of its essence, and it was held that it was so, and that the complainant had lost his rights under the contract, by not performing at the day. The general discussion by the Vice-Chancellor, of the course of procedure to secure one's rights under such a contract, has no application except to cases falling within the same category. The contract does not in this, as in the case cited, make time essential by prescribing a fixed time for its performance, and making a performance at the day, by either party, a condition precedent to the request to enforce it against the other. The agreement looks to and fixes no particular time for its performance, but imposes a present duty upon the defendant to convey the powers and privileges mentioned, whenever the plaintiff shall request. A previous demand is not, nor is any act on the part of the vendor, made necessary by the terms of the contract, to fix the liability of the defendant. He has promised to convey generally, and is therefore bound to perform upon request; in other words, there is a present liability which may be enforced at any time. The vendor at once acquired a right to a specific performance of the contract by the vendee. When such right exists, it may be enforced in equity without a previous request or demand. The contract not making a request or demand essential to the right of the vendor to enforce performance; the law does not annex it as a condition, and it is sufficient if he offers to perform in his bill of complaint, and is able to perform at the time of the final decree. A request made by action is sufficient, and a request before action is not necessary. The distinction between an action for a specific performance in equity *Page 198 
and a suit at law for damages, for non-performance, is this, that in the latter, the right of action grows out of a breach of the contract, and a breach must exist before the commencement of the action, while in the former, the contract itself, and not a breach of it, gives the action. A demand of performance before suit brought is only important in reference to the costs of the action, and has no bearing upon the merits or the rights of the parties. But by a demand and refusal, the party liable to perform is put in the wrong and in the situation of unreasonably resisting the claim of his adversary, and is, therefore, chargeable with costs. Costs in equity are always in the discretion of the court, and whether they are granted or withheld, they are but as incidents to and no part of the relief sought. A party getting the relief asked, may be compelled to pay costs, but nevertheless his cause of action had accrued upon the filing of the bill or the commencement of the suit. (Vroom v.Ditmas, 4 Paige, 526.) A party filing a bill for a specific performance upon an offer of performance on his part, and a demand from the other party, must make the proper offer in his complaint; and if he is able to perform at the time of the final judgment, he is entitled to his relief, although he may not have been in a situation to perform at the time he brought his suit. (Baldwin v. Salter, 8 Paige, 473; Stevenson v. Maxwell, 2 Comst., 408.) The rule is, that the plaintiff, in actions for the specific performance of contracts, must aver and plead performance, or a readiness and willingness to perform on his part. (Walker v. Jefferrys, per V.C., 1 Hare, 352.)
It is analogous to the rule of the common law, that a note payable on demand is payable instanter, and the statute commences to run against it from its date; while, if it is payable a given time after demand, or it contains any provision showing the intent of the parties that it should not be payable until actual demand, the rule is otherwise. (Wenman v. The Mohawk Ins.Co., 13 Wend., 267.) The vendee has the right, immediately upon the execution and delivery of the contract, to apply to the court of equity for a specific performance, and the only consequence of such immediate application would have been *Page 199 
to charge him with costs; but the relief could not have been denied him, merely because the suit might have been ill-advised, hasty, and unnecessary. The cause of action thus arose, and the rule of courts of equity is, that the cause of action or suit arises, when, and as soon as, the party has a right to apply to a court of equity for relief. (2 Story Eq. Jur., § 1521, a.) When the party entitled to a specific performance of an agreement to convey land has been in the uninterrupted possession of the premises, an objection to a decree, on account of the lapse of time, will not be sustained. (Miller v. Bear, 3 Paige, 466.) The possession saves the action, and makes the case an exception to the rule which controls other executory contracts. The question of adverse possession, as to which several cases are cited by counsel, is not in the case. It is not an action inrem, to secure the realty or its possession, but is an ordinary equitable action to enforce a simple executory contract, upon which the plaintiff and those under whom he claimed have slept upon their rights, until a statutory bar has arisen against them.
The maxim that in equity that which is required to be done is considered as done, is invoked by the plaintiff, in aid of the action. But it is not easy to see how a court can assume a fact as accomplished at the instance of a suitor who alleges that it has not been done, and asks, as the only relief sought, that the court may cause it to be done. It is a maxim applied for the advancement of justice, and as a protection and defence, and it would be a perversion to resort to it in avoidance of a statute of repose. (Burch v. Mahony, 1 Barb., 648; Hasbrook v.Paddock, 1 id., 635.) Had the plaintiff been in possession for twenty years, the maxim might avail him if his possession was disturbed by his vendor. (Miller v. Bear, supra.) So, too, the equitable doctrine that the vendor is the trustee for the vendee of such property from the time of the contract, and that the whole title is deemed to pass by the contract cannot give length of days to an agreement for its conveyance. When dealt with as a contract, it is subject to all the rules which apply to and control other contracts, and cannot by any pretence *Page 200 
be taken out of the operation of statutes general in their operation, and applicable to all contracts. If in equity, the title to the real property is vested, in the plaintiff either as against the defendant or third persons, the right, just so far as it has vested, will be protected whenever it is assailed. But when the plaintiff asks the aid of a court of equity to enforce the contract for a legal conveyance, he is within the statutes for the limitation of actions. The plaintiff would have the contract construed as a conveyance in presenti, an executed contract rather than as an agreement to convey in future, an existing contract. But the whole tenor of the instrument shows that it was intended by the parties as a memorandum of their agreement, and that further acts were contemplated to complete and carry it out, to wit, giving of a conveyance by the defendant, and of a mortgage for the purchase money by the vendee. The parties so construed it by their subsequent acts, and the plaintiff ratifies the construction by bringing this action. It was then an agreement by the defendant to execute upon request, and for the considerations named, a grant of an easement or servitude upon his land, which when executed would have charged the land; but until executed, the contract was preserved, binding only the defendant, and creating no charge upon the land. An agreement for a lease is not a lease, or equivalent to a lease, and an agreement to create or grant an easement is not a grant or its equivalent. If the referee had found that the deed of January 19, 1838, was a substituted and full performance of the contract of the defendent, accepted and acquiesced in by the vendee, the finding would, in my judgment, have been fully sustained by the evidence. But upon the ground upon which the case was decided by the referee, there was no error, and the judgment must be affirmed.