By the Court.—Horace Russell, J.
On the argument- the defense of the statute of limitations was discussed as if it were a demurrer, alleging that on the face of the complaint it appeared that the plaintiff’s cause of action did not accrue within ten years before the beginning of the action, and much was said on the subject whether or not the statute began to run from the time when the moneys were collected by the defendant, or only from the time of a demand made by the plaintiff. It is not a demurrer, and cannot be treated as such. We are concerned to know, not whether the answer can be proved, but whether, if proved, it consti- • tutes a good defense. The answer employs the usual form in pleading the statute of limitations. The allegation is that the plaintiff’s cause of action did not accrue within ten years, and the demurrer admits, for present purposes, that the allegation is true. We can look to the complaint only to ascertain the nature of the cause of action, not when it accrued. It becomes necessary, therefore, to consider only whether the cause of action sued on was one barred by the statute in ten years. We think it was barred in six years, by subd. 1 of § 382 of the Code, being really a cause of action on express contract. Under certain circumstances the plaintiff might perhaps have brought a suit in equity to charge a specific fund, but it is now too late, and his allegations and demand for an accounting are not enough to make this an -action in equity. But it is not necessary so to decide for the purposes of this appeal, and, as § 388 of the Code provides that the time of limitation for all actions not specifically provided for *214 in other sections shall be ten years, ten years is certainly the extreme limit of the statute upon the cause of action set up in the complaint. It follows that the demurrer to this defense was properly overruled.
As it is likely that on the trial of the action the question may again arise whether it was necessary that there should be a demand in order to set the statute running, we will say we are clearly of opinion that it was not (Herrick v. Wolverton, 41 N. Y. 581, 596 ; Hirst v. Brooks, 50 Barb. 334; Wheeler v. Warner, 47 N. Y. 519).
It is only in cases of deposit (Payne v. Gardner, 29 N. Y. 146 ; Thomson v. Bank of Brit. N. A., 82 Id. 1), or where the holder of the money has an express (Boughton v. Flint, 74 N. Y. 476) or implied right to retain it until a demand, that a demand is necessary to set the statute running.
We have already expressed the opinion that the plaintiff’s cause of action arises out of contract. His right to maintain an action was perfect as soon as the moneys were collected by the defendant. It became ffieir duty, assuming his allegations to be true, to pay over the moneys to him at once, and no demand on his part was necessary before bringing suit (Stacy Graham, 4 Kern. 492). The beginning of a suit would itself have been a sufficient demand. The statute of limitations then began to run from the time the moneys were received by the defendants. It is like any other case where A. agrees to pay B. a certain sum of money upon the happening of a certain event. B.’s right of action accrues upon the happening of the event, and the statute of limitation begins to run from that time (Bruce v. Tilson, 25 N. Y. 194; Adams v. Fort Plain Bank, 36 Id. 255; Mygatt v. Wilcox, 45 Id. 306; Quackenbush v. Ehle, 5 Barb. 469 ; Foot v. Farrington, 41 N. Y. 164). No demand is necessary before beginning an action against one who receives money to another’s use (Howard v. France, 43 N. Y. 593).
*215 As to the other defense demurred to, we are not called upon to determine what the construction of the release actually given should be; the paper itself is not before us; we must take it as stated in the answer, and the allegation that $100 was received in full satisfaction of the plaintiff’s claim and all his real and pretended rights and claims in the subject-matter of this action, was enough to constitute a good defense. A party may release a cause of action against one person upon a consideration flowing from another (Tuckerman v. Sleeper, 9 Cush. 177; Cook v. Lister, 13 Com. Bench N. S. 543; Harrison v. Hicks, 1 Port. [Ala.] 423).
The result is, the order and judgment appealed from must be affirmed with costs, with leave to withdraw the demurrers on payment of costs.
Sedgwick, Ch. J., and Freedman, J., concurred.