EDWARD FITZPATRICK, APPELLANT, *v.* JANE A. DORLAND, RESPONDENT.

*Specific performance of contract — not decreed when it would be inequitable so to do — Costs.*

The court will not decree the specific performance of a contract for the sale of land when it would be unjust and inequitable so to do.

Where the performance of a contract for the sale of land has been prevented and delayed for many years by the pendency of a litigation commenced before it was made, and during that time the property has increased in value, and has also become heavily incumbered by assessments, taxes and mortgages, and especially when the situation and condition of the parties have been materially changed and altered, without any fault on the part of the vendor, the court will not decree the specific performance of the contract.

Where the court refuses to direct the specific performance of a contract, but allows the action to be continued to enable the plaintiff to recover damages for a breach of the contract, it cannot require him to pay to the defendant the costs and disbursements incurred in the proceedings to compel a specific performance.

APPEAL from a judgment, entered upon the trial of this action by the court without a jury, refusing a decree of specific performance.

*David Thurston,* for the appellant.

*J. E. Burrill,* for the respondent.

BRADY, J.:

This action was brought to compel the specific performance of a contract in writing dated the 14th day of July, 1866, by which the defendant agreed to sell to one Philip Fitzpatrick, and the latter agreed to purchase, three lots of land in this city for the sum of $18,000.

On the day before the contract was signed, one Patrick Cuff commenced an action in this court against the respondent to compel her to convey the same lots to him, claiming that under an agreement therefor made between him and her she agreed to sell him the lots for a sum named.

By an arrangement between the parties a provision was made in regard to that, and it was in terms that if Cuff succeeded in obtain-

ing a decree for the conveyance of the lots to him the respondent should return to Fitzpatrick all the money he had paid under the contract with interest, and on the other hand that the deed should be delivered by her to Fitzpatrick as soon as the Cuff suit was decided in her favor and upon ten days' notice. The contract with Fitzpatrick was duly assigned by him to the plaintiff.

The action brought by Cuff was tried before Judge Clerke, who dismissed the complaint, and judgment was entered in favor of the defendant in October, 1867. Cuff appealed to the General Term and the judgment below was reversed. An appeal was then taken to the Court of Appeals, and in September, 1874, the case was sent back for a new trial, and was again tried before Judge Lawrence, who in 1880 denied Cuff's claim for a specific performance, but directed judgment in his favor for damages and costs. This judgment was entered in February, 1880. That action being thus ended in favor of the respondent, the plaintiff, on the seventeenth of May following, delivered to her a letter, stating that he was prepared to carry out the contract that had been made with his assignor. He seems, indeed, to have done everything that was necessary to entitle him to the benefit and advantage of the contract, whatever they may have done.

It also appeared that at the time the contract in question was made the defendant was an invalid, very infirm, and pecuniarily embarrassed, and that the main inducement to the making of the contract was the receipt of the money which would have been paid to her had the contract been performed within the time expected. It further appeared that between the time of the execution of the contract and the trial of this case the premises had increased largely in value; that a large amount of taxes and assessments had accumulated and remained unpaid; and that large sums were due for mortgages, judgments and interest, which also remained unpaid, although much had. been paid by the defendant for principal and interest of mortgages and judgments. It also appears that during the intervening period named the premises remained vacant; that no income was derived from them except during the last year or two and then in an amount almost nominal.

The demand upon the plaintiff for a performance of the contract was not made, as will already have been seen, until nearly fourteen

years after the date of the contract, the plaintiff having apparently waited until there was a final determination, or a supposed final determination, of the action brought by Cuff against the respondent, his grantor.

It was contended on the part of the respondent that the action could have been commenced before the Cuff suit was decided, and that, at all events, the right of action, accrued when the judgment of the Special Term in *Cuff* v. *Dorland* was rendered in 1867. The learned justice in the court below decided against this proposition and it would seem correctly, because the parties evidently meant by the contract a final determination ; but it was not contemplated by either of them or expected that any such period would elapse between the commencement of the Cuff suit and its ultimate determination and which involved many years. Indeed, it appears by the testimony of the respondent that when a Mr. Fox called upon her, representing Mr. Fitzpatrick with whom she made the contract, he said that inasmuch as Cuff could not complete his bargain they " would be rid of him ; " that Mr. Cuff's affairs would be settled in a few weeks. And this evidence is an indication of the view that was entertained by the respondent as to the period that must elapse before the contract itself would be consummated.

In addition it is clearly shown that an immediate want of funds, arising from financial embarrassment, was the impelling cause of the sale.

The learned justice in the court below delivered the following opinion :

" Larremore, J. — The first question to be decided is whether or not this action is barred by the statute of limitations. By section 388 of. the Code of Civil Procedure it must have been commenced within ten years from the time when it accrued. The contract was dated July 14, 1866, and was to be consummated as soon as the Cuff suit was decided in favor of the defendant, upon ten days' notice. Final judgment in said suit was rendered February 12, 1880, and this action was commenced in May, 1880. This saved the statute. The cause of action did not accrue until such final decision, for until that was made it would have been unsafe for the defendant to have conveyed the property, or for the vendee to have accepted the title.

(*Bruce* v. *Tilson*, 25 N. Y., 194; *Hope Mut. Life Ins. Co.* v. *Perkins*, 38 N. Y., 408.)

After fifteen years of litigation on defendant's part to protect her title to the property, the plaintiff now asks specific performance of the contract, according to its original terms. It is evident that the parties to the contract in question never contemplated so long a delay in its consummation. That the vendor should bear all the burdens of the property for fifteen years, and then be compelled to convey it for the contract price, would seem inequitable, especially when the value has increased threefold. The amount paid for taxes, assessments and interest on the premises, nearly equals, if it does not exceed, said contract price. Equity will not decree specific performance of a contract when it would work injustice, and where (as in this case) it is obvious that the contracting parties never expected or intended the results that have followed their action. (*Margraf* v. *Muir*, 57 N. Y., 158; *Peters* v. *Delaplaine*, 49 id., 362; *Cuff* v. *Dorland*, 55 Barb., 481.)

Nor was the tender of May 27, 1880, even if in valid form, good in substance. The plaintiff offered for execution a full warranty deed, whereby defendant was obliged to pay all existing liens upon the premises for taxes and assessments, thus giving him the full benefit of the large increase in value, and depriving her of the full consideration of the contract.

It was no fault of defendant's that the Cuff suit was not earlier determined. Plaintiff's assignor contracted in view of that event, which finds the relations of the parties changed, the rights of third parties intervening and performance of the contract impracticable.

This action was brought for strict equitable relief; no other was sought. This must be denied for the reasons above stated, but according to our present practice this action must be held to enable the plaintiff, if he so elect, to prove and recover his damages. (*Sternberger* v. *McGovern*, 56 N. Y., 12.)

Whether the amount thereof mentioned in the contract is to be regarded as liquidated or as a penalty is the subject of further consideration. No such issue is tendered by the pleadings and proofs in this action. Judgment is therefore ordered in conformity with the views above expressed, and we think that this conclusion should be sustained."

In *Peters* v. *Delaplaine* (49 N. Y., 362), to which he refers, it was said by Chief Justice Church, as the result of the cases bearing upon the question, the granting or withholding specific performances was within the discretion of the court, and would not be granted when it would be against conscience and justice to direct it. In that case the property had increased in value from $30,000 to $300,000, and during all the time the vendor, and those who from time to time succeeded to this estate, had received large sums of rents, issues and profits and necessarily paid the taxes and assessments upon the property; and the specific performance of the contract, it was said, would necessarily require the statement of an account with the several parties and with respect to the receipts and expenditures connected with the premises. So in this case the lots' in question were in the possession of grantor and yielded a very insignificant income for a short period, but were subject to taxes and assessments and other incumbrances, an account of which must necessarily be taken in order to show the correct relations of the parties to each other under this contract if a specific performance were to be decreed. It would indeed seem to be against conscience and justice to allow the plaintiff to succeed in obtaining a decree of this court directing a specific performance of the contract when the property had increased to a sum in value more than double the amount he was to pay for it, and with sums due for taxes and assessments exceeding more than one-half of the price to be paid originally, the result of which would be that the defendant would receive comparatively nothing for her property.

It is not necessary to state the numerous reasons why the contract should not be enforced after such a lapse of time, and after the intervention of the facts and circumstances affecting the relation of the parties which are disclosed by the evidence in the case. It cannot be entertained for a moment that any court of equity, in the exercise of a discretion vested in it, would grant a decree for a specific performance in such a case.

The judgment, however, provides for the payment of the costs and disbursements by the plaintiff upon the decree for a specific performance of the contract rendered against him, whilst the action is continued to enable him, if he so elects, to pursue his legal remedy for damages, if any, that he may have sustained. We do not under-

stand upon what authority such a judgment is entered. The case was not terminated by the judgment interlocutory, for such it must be regarded, but, as we have seen, the action was continued to enable the plaintiff to obtain relief in damages, if any, he should have sustained. The provision in regard to the costs, therefore, is erroneous and the judgment must be modified by relieving the plaintiff from liability for any costs until the determination of the action, in case he should elect to proceed to recover damages, which he has the right to do under the judgment. It is ordered, therefore, that the judgment be modified in the respect named, and affirmed as to the remainder, without costs of this appeal to either party.

Davis, P. J., and Ingalls, J., concurred.

Judgment modified as directed in opinion.