By the Court.
Ingraham, J.
The referee held that io entitle the plaintiff to recover in such an action, the burden of proof was on him to show that the defendant had failed to perform the contract on his part, or in other words, to prove that the defendant failed to convey or offer to convey to the plaintiff a good title to the property purchased.
The authorities in this state that are controlling on this court abundantly sustain the decision of the referee. The exhaustive examination of the question in the opinion of the referee, renders a review of the cases unnecessary except to say that we concur in his opinion (See also Methodist Episcopal Church Home v. Thompson, 52 Super. Ct. 321).
The finding of the referee, that the title of the defendant to the leasehold premises described in the contract of sale was good, was abundantly sustained by the evidence.
There is a plain distinction between an action in equity for a specific performance, and an action at law for the recovery of money paid on the execution of a contract of sale of land. In an action for a specific performance, the rule is stated that equity will not interfere and decree a specific performance unless the plaintiff establishes to the satisfaction of the court that his title is a marketable title ; and it is said in Shriver v. Shriver (86 N. Y. 584), that, as a general rule, a ■ title which is open to judicial doubt is not a marketable title, and that if after the vendor has produced all the proofs he can, a rational doubt still remains, the title is not marketable; that a„ rational doubt may be said to exist when a court of law would not feel called upon to instruct a jury to find that a fact existed, on the existence of which the vendor’s title depends.
*233 In a case where the vendor has failed to show that he had a marketable title, or where other grounds appear which in equity and good conscience require that the contract should not be specifically performed, equity will not interfere, but will leave the parties to their remedy at law (Peters v. Delaplaine, 49 N. Y. 362).
In an action at law, however, the plaintiff seeking to recover either damages for the failure to perform the contract, or the amount paid on the contract, is bound to show that the defendant has broken the contract and that he (the plaintiff), had tendered performance, or was able to perform the contract on his part. That burden is on the plaintiff, the party seeking to recover. He is bound to show that in some way the defendant has failed to perform his contract, and if he fail to sustain this burden, he cannot recover. On strictly legal principles he has failed to prove his cause of action.
The contract on the part of the defendant was, that he (the defendant), “will well and sufficiently convey to the party of the second part (plaintiff), by deed or assignment free of all incumbrances except as hereinafter stated, the indenture of lease described,” and it is settled in this state that in an agreement for the sale of a leasehold, there is an implied undertaking on the part of the vendor that he has and will convey a good title to the lease (Burwell v. Jackson, 9 N. Y. 635).
In no case to which our attention has been called or that we have been able to discover, has it been held that this implied covenant is, that the vendor will convey a marketable title ; but in all the cases that have followed Burwell v. Jackson, it is stated that the vendor has a good title and that he will convey that good title to the purchaser.
A breach of this agreement is not proved by showing that if certain facts exist, the title is doubtful. Plaintiff must show a breach, and to show such breach he must affirmatively prove that the plaintiff had failed to convey or offered to convey a good title.
*234 In this case the referee having found that the defendant had, and offered to convey a good title, plaintiff failed to sustain his cause of action, judgment is affirmed, with costs.
Sedgwick, Ch. J. and Freedman, J. concurred.