## KELLY *et al.* *v.* POTTER.

*(Supreme Court, Special Term, Steuben County. September 17, 1891.)*

STATUTE OF LIMITATIONS—SPECIFIC PERFORMANCE OF CONTRACT.

The right to sue for the specific performance of a contract to sell land accrues immediately on the full payment of the purchase price, regardless of the fact that the vendee has been in continuous possession since the contract was made; and the action is barred after 10 years from the time of such payment, under Code Civil Proc. § 388, which provides that "an action, the limitation of which is not specially prescribed, * * * must be commenced within 10 years after the cause of action accrues."

Action by Timothy J. Kelly and another against Clark Potter for specific performance of a contract to sell land.

*Spencer & Mills*, for plaintiffs. *James McCall* and *C. F. Kingsley*, for defendant.

RUMSEY, J. Young, the vendee in this contract, and his assignees and grantees, have occupied the premises almost constantly since 1859, and have been in actual personal possession of them all of that time, except perhaps 18 months. During all of these years it is not pretended that Potter, the vendor, or any one representing him, has asked or claimed one dollar from his vendee, or has made any effort to obtain the possession of the land, or has asserted any right to it. These facts give great weight to the testimony of Mrs. Young that she paid the money to Potter for her son, and require me to find, as I

have, that the purchase price was fully paid many years ago. The right to sue arose immediately upon the full payment of the purchase price. *Bruce* v. *Tilson*, 25 N. Y. 194. As that was done more than 10 years before the action was begun, the first question presented is whether the action is barred by the statute of limitations. That the action for specific performance is barred in 10 years cannot be denied. Code Civil Proc. § 388; *Bruce* v. *Tilson*, 25 N. Y. 194. If that were all there was of the case, there is no doubt that the plea of the statute of limitations would be good. But the plaintiffs, to take the case out of the statute, rely upon the undoubted fact that they and their grantees have been in possession since the contract was made. It must be conceded, as was stated above, that immediately upon the payment of the purchase price the cause of action for specific performance accrued to the vendee. At that time clearly the statute began to run against the action for a specific performance, (*Peters* v. *Delaplaine*, 49 N. Y. 362, 368,) regardless of the fact of possession. The statute says that such an action must be commenced within 10 years after the cause of action accrues. Code Civil Proc. § 388. This requirement of the statute is peremptory, and I can see no escape from the necessity of applying it. It is suggested that the action, under these circumstances, is analogous to an action to enforce a trust. To that argument the answer has been given in *Bruce* v. *Tilson, supra*, at page 199. The court there say that "the equitable doctrine that the vendor is the trustee for the vendee of such property from the time of the contract, and that the whole title is deemed to pass by the contract, cannot give length of days to an agreement for its conveyance. When dealt with as a contract, it is subject to all the rules which apply to and control other contracts, and cannot by any pretense be taken out of the operation of statutes general in their operation, and applicable to all contracts." I can see no answer to this reasoning. It is quite true that in the same case the judge says that, where the party entitled to specific performance has been in uninterrupted possession, an objection to a decree on account of the lapse of time will not be sustained; but that remark did not have regard to the statute of limitations, but to an objection on account of the staleness of the claim, which may sometimes be a bar. That such was the case is evident from the case cited as authority for the proposition, which was decided at a time when the statute of limitations did not apply to equitable suits, and which did not stand upon that statute, but on the general rule of equity that a cause of action otherwise good would not infrequently be dismissed because of its staleness. *Miller* v. *Bear*, 3 Paige, 466. But, since the statute has been made to apply to equitable actions, courts of equity are as much bound by it as courts of law, and must obey it to the same extent. It is also suggested that this action is like that to remove a cloud upon the title, against which the statute never runs. But there is a vast difference. In this action the right of action depends upon a failure by the vendor to perform his contract, and when that fact occurs the right of action is complete once for all, and the statute begins to run. See cases above. The action to remove a cloud on the title is not based upon a contract, but upon the continuous assertion of a right adverse to that of the true owner, and every day's assertion of the right is a new injury. *Miner* v. *Beekman*, 50 N. Y. 337, 343. I think that the plea of the statute is well taken. It does not follow that the plaintiffs are remediless. They may defend, upon their possession under the contract, an action of ejectment; or they may probably bring an action, under section 1638, to determine conflicting claims to real property, (*Crary* v. *Goodman*, 12 N. Y. 266; *Schroeder* v. *Gurney*, 10 Hun, 413;) but in this action, the plaintiffs having demanded equitable relief, to which they are not entitled, the court must dismiss the complaint, leaving them to such other remedy as they may be advised, (*Bradley* v. *Aldrich*, 40 N. Y. 504.)