By the Court.—Monell, Ch. J.
This is doubtless an attempt to use the equitable powers of the court to recover possession of real property. The right to recover at law does not exist. The legal estate is out of the plaintiff, and the possession is now held under a title derived from the plaintiff himself. Before the plaintiff can recover in this, or probably in any action, the several deeds to Murtha, to Potter, and to Mrs. Coulter, which now bar the plaintiff’s right to possession, must be removed out of the way; and such removal can be effected only by a court of equity.
The defense of the statute of limitations, which is the only one I propose to examine, can be sustained only upon its being determined that this is an action for relief, within section 97 of the Code, which limits the bringing of the action to ten years.
It is not entirely clear that two causes of action are not stated in the complaint: one of a legal, and the other of an equitable nature The first and last paragraphs of the complaint are the appropriate averments in an action at law to recover the possession of real property ; and the intermediate averments state a cause of action for equitable relief.
It is probable, also, that even two such apparently incongruous causes of action may be united in one action (Code, § 167; Sternberger v. McGovern, 15 Abb. Pr. N. S. 257), and the issues formed separately tried ; and, therefore, such union of the causes, in one action, would not be ground of demurrer.
But this can not be regarded as the union of two several causes of action. The complaint states but one cause of action, namely: the facts under which the defendants obtained and now hold possession of the prop *213 erty; and the only relief appropriate to these facts would be to set aside and remove, as obstructions to the plaintiff’s right to recover, or as clouds upon the title, the several deeds under which the defendants hold. The other allegations in the complaint are merely by way of inducement to the other facts stated.
The uniting of legal and equitable jurisdictions, in one tribunal, has not removed the distinction heretofore existing between legal and equitable causes of action (Peters v. Delaplaine, 49 N. Y. 362), nor changed the remedies appropriate for each, except in uniting the jurisdictions in one court, and sometimes in one action. The law is administered, under this blended jurisdiction, in the same manner as when the jurisdictions were separated. Relief, appropriate to legal causes of action, is granted in such actions ; and equitable relief in such as are of an equitable nature. It is not, therefore, inappropriate or incorrect to continue to denominate actions as legal or equitable actions, as the statement of facts shall disclose their nature, and bring them within the well-understood meaning of these terms.
The complaint, in this case, alleges facts which go in avoidance of the legal title of the defendants. It claims that, under the agreement and understanding, the defendants were to hold the title, in some kind of quiet trust, for the plaintiff’s benefit, and afterward to reconvey to him.
That the facts which are intended to show this trust are denied by the defendants, is sufficient to show that the plaintiff can not recover a judgment for the possession of the property until he has established the truth of the facts ; and then the appropriate relief to follow would be that the trust be enforced, by a re-conveyance to the plaintiff, and not that he recover the possession of the property.
The claim of the adverse title of the defendants is valid upon its face, and extrinsic facts are necessary to *214 be proved to establish its invalidity or illegality. ■ When, that appears, the case falls within equitable cognizance, and the court will exert itself, not to award the possession of the property, but to remove the obstacles now existing to the plaintiff’s alleged right, or, at least, the cloud from the title (Heywood v. City of Buffalo. 14 N. Y. 534).
It is peculiarly the province of a court of equity to entertain a guit, to have declared void and to cancel any written instrument which obstructs or overshadows, the legal title (2 Story Eq. § 700 ; Pettit v. Shepherd, 5 Paige, 493). And this is so, even when the instru , ment is inoperative, if, by remaining uncanceled, it throws a cloud upon the title. And the case for-equitable relief is much stronger where the instrument, is operative, and its cancellation can result only from showing its invalidity by extrinsic facts.
It is, I think, so entirely clear that the relief sought, upon the facts stated in the complaint, is such as to-bring the right of action within the limit of ten years, that a more extended discussion of the question would be supererogative and profitless.
The judgment, therefore, of the special term, overruling the demurrer to the first defense, was correct.
And as that defense goes to the whole cause of' action, it is not necessary to examine the other defenses demurred to, but to assume that the questions arising upon them were correctly decided at the special term.
The order of the special term should be affirmed,, with costs.
Sedgwick and Speir, JJ., concurred.