Ingraham, J.
The court below found that the defendant had entered into a written contract with the plaintiff by which she agreed to purchase of the plaintiff the premises No. 19 Washington Square, North, in the city of New York for the price of $52,000. The said property was sold by a good title in fee simple, and was to be conveyed by a warranty deed free and clear of all incumbrances, except a certain mortgage. The defendant refused to accept the title to the premises on the ground, among others, that the premises in question were subject to a restriction hereafter referred to.
The court further found that in the year 1827, an agreement was made between the owners of all the lots fronting on the said street between Fifth Avenue and McDougal Street, by which they mutually covenanted and agreed to and with each other that they would not at any time thereafter erect, or build, or cause or permit, or suffer, to be erected or built, any house, wall, fence, or other building, the front or other wall whereof shall approach nearer to said street than twelve feet in any part of said lots so that a space or area of twelve feet in depth and the entire breadth of each of the said lots in front of the buildings, and between them and the said street, shall be forever left open for court yards, and that plaintiff’s title to said lot of land and house is subject to an incumbrance and restriction created by the said covenant and agreement, which still continues in full force and effect.
The court further found that the restriction and incumbrance created by the said covenant and agreement, were a damage to said lot of land, an injury to its salability and marketability, and that the defendant at the time of and prior to the sale had no notice of such restriction and incumbrances.
We have examined the testimony taken at the trial *156 and are satisfied that the findings are sustained by the evidence.
That this covenant imposed a restriction in perpetuity upon the plaintiff’s lot cannot be disputed (Trustees v. Lynch, 70 N. Y. 440).
The defendant was entitled by the contract to a good title to the premises purchased in fee simple, free and clear of all incumbrances except the mortgage mentioned, and plaintiff seeks to compel her to take the premises from twelve feet of which she is restricted from building.
The parties have made their contract. The defendant purchased the plot of ground free of incumbrances, that is, free to be used in a.ny way that she desired, and I do not see how it can be said to be a compliance with that contract to give her a piece of land a considerable portion of which she cannot use. It is no answer to say that the incumbrance or restriction would make some people give more for the land because there was also a restriction on. other property in the neighborhood. The answer to that proposition is, that the land with such a restriction was not the land that defendant had agreed to purchase, and plaintiff is not entitled to a specific performance of the contract where the vendor has failed to show that he has a marketable title, or where other grounds appear which in equity and good conscience require that the contract should not be specifically performed (Peters v. Delaplaine, 49 N. Y. 362).
The case of Riggs v. Pursell (66 N. Y. 199), is cited as an authority for the proposition that such a restriction is not an incumbrance upon the property. In that case however, the defendant became the purchaser at a judicial sale. It was a lease only of the premises that was purchased, and the decision seems to be based upon the ground that the purchaser claiming to be discharged from his contract under a judicial sale, should make out a fair and plain case for relief. If he gets what he bargained for he must complete the purchase and take his *157 deed, and in some cases the court will compel him to take a compensation for any deficiency. We know of no instance in which that rule has been applied to the purchase of the fee at private sale, where the vendor agrees to give a good title in fee simple free of all incumbrances ; and when Riggs v. Pursell was before the court of appeals on the second appeal, it was held on the facts then presented, that the restriction was a material defect in the title.
In this case the court has found as a fact that the restriction was a damage to the land, and if the rule laid down in Riggs v. Pursell should be taken to apply to the sale of the property in fee, this restriction having caused the deterioration in the value of the property, would be an incumbrance.
We think therefore that plaintiff failed to tender a deed conveying the property agreed to be sold free of incumbrances, and that the court below was right in refusing to decree a specific performance.
We are also of the opinion that upon tire points presented no error was committed in giving judgment against the plaintiff for the $5,200 deposited with the auctioneer by the defendant on her purchase and for the expenses incurred in the examination of the title.
It is well settled that where the vendor has failed to complete his contract the defendant is entitled to recover the amount paid on the contract and the expenses incurred in the examination of the title to the property, and the payment to the auctioneer was a payment for the benefit of the plaintiff under the terms of the sale.
Judgment should be affirmed with costs.
Sedgwick, Ch. J.—I concur with Judge Ingraham, on the ground that the contract is conclusive as to the defendant’s right to have a title free from incumbrance of every kind and quality, and also with his view as to the counter-claim.
Freedman, J.—I concur on the same ground.