Nott, Ch. J.,
delivered the opinion of the court:
It is plain in this case that the money was paid in mutual mistake of fact. Both parties supposed that the claimant’s entry in the land office covered and described the land which he had improved and was living upon. In that belief the claimant paid the. purchase money and the Government issued its certificate. When it was discovered that the mistake of a single numeral had transferred the entry to an adjoining section of land the Government canceled the entry but did not *430 repay the purchase money. In equity and good conscience it is bound to do so.
The court does not mean to hold that the action of the Commissioner of the Land Office and of the Secretary of the Interior was erroneous. An executive officer has a limited statutory authority, and can disburse or refund public moneys only in cases where he is expressly authorized so to do. In this court a cause may be one of legal right, though no executive officer be empowered to satisfy it. In this case it seems indisputable that the Government in equity and good conscience is bound to refund this money; and in such a case the action for money had and received will lie.
The statute of limitations is set up, and the question arises, When did the claim first accrue? If this was an ordinary transaction of debtor and creditor it might be said that it accrued when the mistake was discovered. But in this case the claimant supposed that the mistake would be remedied by allowing him to amend the terms of his original entry. Accordingly he did not demand back the purchase money, but applied first for the other relief, the correction of the original entry. The application was overruled. In the meanwhile the money remained in the hands of the defendants, being in the nature of a pledge for the amended certificate if one should be issued. The claimant next applied for the return of the purchase money. That application was also overruled. The Secretary’s final decision was not made until the 23d of September, 1898, and it was not until then that the cause of action accrued within the principle laid down by this and the Supreme Court in Irene Taylor’s Case. (14 C. Cls. R., 339; 104 U. S. R., 216.) The Government was bound to do one of two things, either to give the claimant as purchaser a title to the land or to hold the money until he should demand its return. In the latter alternative it was a case of d&posiiywm, where a demand was necessary before an action would lie. Downes v. Phoenix Bank (6 Hill N. Y., 297); Bruce v. Tilson (25 N. Y., 194); Codman, v. Rogers (10 Pick. Mass., 112); United States v. Wardwell (172 U. S. R., 48.)
Purchasers who come into the land office and deposit their money in the expectation of receiving in due time a patent *431 for the property which they seek to purchase have a right to regard the money as held in trust by the Government for the purposes of that transaction. They know that the business is not transacted wholly by any one man; they know that a transaction may remain open and pending until it has received the final fiat of the Secretary of the Interior. They therefore have a right to rely upon the Government’s public and established methods of doing business; and those methods keep the transaction open until it is finally disposed of as above stated. The purchaser has no right to change his mind and demand the money, but so long as he is without fault he has a right'to regard the money as his pledge that he will peiy form his part in the transaction, and that the Government, if it can not perform its part, will hold the money in trust.
It was said by the Supreme Court in relation to other funds of an individual remaining in the Treasury: “A construction consistent with good faith on the part of the United States should be given to these statutes. It would certainly not be fair dealing for the Government to say to the owner that the surplus proceeds should be'held in the Treasry for an indefinite period for his use or that of his legal representatives, and then, upon suit brought to recover them, to plead in bar that the demand therefor had not been made within six years.” {Irene Taylor's Case, supra.) So here it may be said that “a construction consistent with good faith on the part of the United States” requires that under the land laws a purchaser who has deposited money in the expectation of receiving a patent for the land he seeks to purchase shall have the right of appeal from the local land officers to the Commissioner and to the Secretary untrammeled by the statute of limitations.
The judgment of the court is that claimant recover against the United States in the sum of seven hundred and ninety-nine dollars and fifty cents ($799.50).