Whaley, Judge,
delivered the opinion of the court:
Plaintiff brings this action to recover a sum of money paid by it to the defendant under a mutual mistake of fact. Plaintiff was the surety on the bond of the contractor who-had a contract with the defendant which was declared forfeited by the defendant and the plaintiff was called upon to make good the difference between the amount due the contractor and the amount of the second contract for the-completion of the work.
*39 At the time of the payment by the plaintiff, both the contracting officer and the plaintiff were under the impression that the plaintiff’s principal was liable for the damage to the work. In the case of L. Gertner, Sr. v. United States, 76 C. Cls. 643, it was held that the contractor was not in -default and was not liable for the damage to the work. .Neither the Quartermaster General nor the plaintiff knew that the damage to the conduit was due to the action of the -Construction Quartermaster when the payment was made. 'There was no default on the part of plaintiff’s principal. Under these circumstances it is palpably clear that the payment was made under a mutual mistake of fact and, accordingly, the Government has no right to retain it. In the -case of United States v. State Bank, 96 U. S. 30, 36, the Supreme Court said:
But surely it ought to require neither argument nor authority to support the proposition, that, where the money or property of an innocent person has gone into the coffers of the nation by means of a fraud to which its agent was a party, such money or property cannot be held by the United States against the claim of the wronged and injured party.
See Nelson v. United States, 35 C. Cls. 427, 429.
Plaintiff is entitled to a judgment for the sum of $6,908.00. Tt is so ordered.
Williams, Judge; LittletoN, Judge; GREEN, Judge; and Booth, Chief Justice, concur.