MAURICE PLET, Respondent, *v.* FOWLER WILLSON, Jr., et al., Appellants.

An action by the vendor to foreclose a contract not under seal for the sale of real estate is an action upon the contract, within the meaning of the Statute of Limitations (Code Civ. Pro. §§ 380, 382), and so, if brought more than six years after the default, is barred by the statute. (LANDON, J., dissenting.)

(Argued January 26, 1892; decided June 7, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order

made April 29, 1890, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

In 1870, the plaintiff, Fowler Willson and Fowler Willson, Jr., executed a written contract, not under seal, by which the plaintiff agreed to sell, and the Willsons agreed to purchase, land at an agreed price, to be paid for in annual installments, with annual interest, the last payment falling due April 1, 1880; upon which date the plaintiff, upon receiving full payment of the purchase-price, was to convey the land to the vendees by a warranty deed. The vendees took immediate possession of the land under the contract, and remained in possession thereunder until May 31, 1875, when Fowler Willson, Jr., assigned his interest in the contract to Fowler Willson (his father), the two-having then paid $1,415.66 towards the purchase-price and interest. Thereafter, Fowler Willson continued in possession until August 4, 1877, when he died intestate, leaving Sarah Willson, his widow, and several heirs at law. Between May 31, 1875, and August 4, 1877, Fowler Willson paid $150 on the contract. August 5, 1878, said Sarah Willson received letters of administration upon the estate of said Fowler Willson, deceased. Since the death of Fowler Willson, his widow and heirs have remained in possession of the land, and were in possession at the time of the trial. Between the date of the death of Fowler Willson (August 4, 1877) and April 3, 1880, said widow and heirs paid (exclusive of $192.50 paid May 6, 1877, by Eamed & Smith, under an order of the Special Term granted March 10, 1877) $345. Payments were made annually, except in the year 1877, on this contract, from its date until April 3, 1880, when the last one, except said $192.50, was made.

This action was begun January 8, 1887, to foreclose the contract and apply the avails towards the payment of the remainder of the purchase-price, and a judgment for any deficiency that might arise was asked for against Fowler Willson, Jr., and the administratrix of Fowler Willson, Sr., in her representative capacity.

The defendants interposed the six years' Statute of Limitations as their sole defense, and it was held not good, following *Plet* v. *Willson* (50 Hun, 60), and a judgment in favor of the plaintiff was rendered.

*D. F. Searle* for appellants

*E. O. Worden* for respondent.

Parker, J.   When the vendees made default in payment the vendor, who still had the title, might have proceeded in disaffirmance of the contract by an action of ejectment to recover possession.   Such an action is governed by the twenty year limitation.   (Code C. P. § 365.)   While a possible result of the present suit might be to secure possession by the vendor, it is not an action for the recovery of real property within the meaning of that section   (*Miner* v. *Beekman*, 50 N. Y. 337; *Hubbell* v. *Sibley*, Id. 468.)

The vendor's other remedies were in affirmance of the contract and were two in number.   1. A common-law action against the vendees to recover the balance of the purchase-price.   2. A suit in equity to foreclose the contract.   Whether the vendor should elect to enforce the collection of his debt through a personal judgment against his vendees or by means of a foreclosure and sale of the property, his action would be on the contract which the vendees had failed to perform. Sections 380 and 382 of the Code of Civil Procedure provide that an action upon a contract, obligation or liability, express or implied, except a judgment or sealed instrument, must be commenced within six years after the cause of action has accrued.

As the contract in suit was not under seal the sections quoted apply, and more than six years having elapsed after the cause of action accrued and before the commencement of this suit, it is barred.

The judgment should be reversed.

LANDON, J. (dissenting). I cannot concur. I do not think the action is strictly upon the contract; it respects the equitable disposition of lands of which the plaintiff has the legal title, and the defendant such equities as his partly performed contract gives him. Defendant refuses further performance, but retains possession of the land. Equity requires that the land be converted into money and the money be equally distributed. The judgment appealed from provides such relief. If plaintiff had given defendant a conveyance of the land and this action were simply to enforce his equitable lien for the unpaid purchase-money, the debt would be the substantive cause of action and the right to equitable relief would be barred with the debt itself. (_Borst_ v. _Corey_, 15 N. Y. 505.) In that case the plaintiff had parted with his title, and had only the lien which equity gave him. Here the plaintiff retains his title, and the defendant has only such equities as his part performance gives him. These two estates in the land, the one legal and the other equitable, may co-exist for an indefinite period unless the parties merge them. The defendant refuses to act as he has agreed, and the plaintiff willing to do equity seeks its aid, not strictly to enforce his equitable lien, but to obtain from his own land what it ought as between him and the defendant to yield him. His action for the debt may be barred, but this right to make an equitable disposition of his land and its proceeds continues to exist. (_Lewis_ v. _Hawkins_, 23 Wall. 119; _Hardin_ v. _Boyd_, 113 U. S. 757.) The six years' limitation under section 382 does not apply, and the ten years' limitation under section 388 had not expired when this action was commenced.

All concur with PARKER, J., except LANDON, J., dissenting, and FOLLETT, Ch. J., not sitting.

Judgment reversed.