(17 App. Div. 252.)

### HARISON et al. v. CASWELL.

(Supreme Court, Appellate Division, Third Department.    May 5, 1897.)

1. EJECTMENT—POSSESSION BY PLAINTIFF—TITLE FROM STATE.
    A motion to dismiss a complaint in ejectment because there is no evidence that plaintiff ever had possession under the paper title shown is properly denied where plaintiff shows title from the state.

2. ADVERSE POSSESSION—EVIDENCE.
    Defendant's possession is not adverse to plaintiff where it began under an instrument by which plaintiff authorized defendant to occupy the premises for a stated time, with the option of purchasing within such time, and defendant never surrendered the possession so obtained.

3. TAX TITLES—NOTICE TO REDEEM.
    The six months' notice to redeem which Laws 1855, c. 427, § 68, requires the grantee in a tax deed to give to the occupant of the premises must be given if the premises were occupied at the date of such deed, though they were not occupied when the purchaser became entitled to the deed.

Appeal from trial term, St. Lawrence county.

Action by George D. L. Harison and others against Alson Caswell to recover possession of land. From a judgment entered on a verdict directed by the court in favor of defendant, and from an order denying a motion for a new trial, made on the minutes, plaintiffs appeal.    Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Nelson L. Robinson, for appellants.
John C. Keeler, for respondent.

MERWIN, J.    This action was brought in July, 1895, to recover the possession of about 36 acres of land in lot 12 of Harison tract, in town of Pierrepont, St. Lawrence county.    The defendant, in his answer, alleged that on December 28, 1873, Thomas L. Harison, one of the plaintiffs, with authority from all, executed and delivered to defendant an instrument dated that day, which is set out in full.    It states that the defendant "may occupy the lot" in question until the 1st day of June then next on certain conditions, and "if on said first day of June next said Caswell shall pay not less than one hundred dollars on account of the price thereof, he shall have a contract for said lot on the usual terms running six years from April 1, 1873, at twenty dollars per acre, with interest from that date."    It was further alleged that defendant at once took possession under said instrument, and before the 1st of June, 1874, elected to purchase the lands, and paid to plaintiffs $100, and has ever since claimed to be the owner, and has performed all the conditions of the instrument to be by him performed.    The occupancy by defendant was set up as a bar under the statute of limitations.    For a second defense a counterclaim was alleged for moneys paid on the instrument of December 28, 1873, and for cost of improvements on the premises, and for moneys paid on acquiring a tax title upon a sale for taxes assessed prior to December, 1873.    For a third defense, ownership was alleged under a deed from John M. Peck,

dated March 2, 1882, and a deed from the comptroller to Peck on the 30th June, 1879, based on a sale in September, 1871, for taxes. As a fourth defense the six-year statute of limitations was set up, and as a fifth defense there was a general denial of all the allegations of the complaint. In the reply to the counterclaim the plaintiffs admitted the execution and delivery of the paper of December 28, 1873, the possession by the defendant, and his payment of $100, and in substance denied all the other allegations.

It is claimed by the defendant that the plaintiffs failed to show title in themselves of the property in question. It may be assumed that under the issue presented by the general denial, the plaintiffs were bound to prove title. The record before us shows that the plaintiffs, to maintain their case, offered in evidence a large number of conveyances and records, commencing with a patent from the state of New York to Daniel McCormack, dated March 3, 1795, and ending with the will of Richard M. Harison, deceased, probated April 29, 1896. These were all received in evidence. They are not set out in the case, so that the contents of these documents do not appear in the printed papers. It is argued by the defendant that the records offered are not connected with the property in question or with the plaintiffs, and therefore the judgment was properly directed for the defendant. The plaintiffs, after offering the records and conveyances, rested, and the defendant "moved to dismiss the complaint on the ground that there was no evidence that the plaintiffs ever had possession of the lands described in the complaint under the paper title shown." No other ground of nonsuit was suggested, and the motion was denied. The defendant then put in evidence the comptroller's deed to Peck and the deed from Peck to defendant. The description in these deeds, which was claimed to cover the property in question, was as follows: "Harison tract, * * * lot twelve (12), one hundred (100) acres, in the southeast corner thereof." The defendant gave evidence tending to show that the lands in question were a part of the 100 acres in the southeast corner. The plaintiffs, in rebuttal, gave evidence as to the occupation of the property from 1859 to the present time, and as to the manner of the assessments from 1861 to 1865. At the close of the evidence the plaintiffs asked for the direction of a verdict in their favor on the ground that there was no proof of service of notice to redeem on the occupant of the lands. This motion was denied. The defendant then moved that a verdict be directed in his favor. No grounds were stated. This motion was granted. The plaintiffs did not ask to go to the jury.

It will be observed that upon the motion for a nonsuit at the close of the plaintiffs' evidence no ground was suggested except that there was no evidence that the plaintiffs ever had possession of the lands "under the paper title shown." This assumed, and we must assume, that the records and conveyances put in evidence by the plaintiffs did, upon their face, show title in the plaintiffs, and the plaintiffs, in making up the case on appeal, had the right to so assume. We must assume that all the documents offered were actually present at the trial. The defendant based one of his defenses upon dealings

with the plaintiffs as. owners, and the course of the trial would seem to indicate that there was no serious dispute as to plaintiffs' original ownership. No point on this subject was raised at the close of the case.

The objection taken on the motion for a nonsuit was not a good one, as the title shown came from the state. Railroad Co. v. Brennan, 12 App. Div. 103, 42 N. Y. Supp. 529; De Lancey v. Piepgras, 138 N. Y. 28, 33 N. E. 822. A person who establishes a legal title to premises is presumed to have been possessed thereof within the time required by law. Code Civ. Proc. § 368. Assuming, then, that plaintiffs made out a prima facie case, did the defendant show a defense. He did not show adverse possession for 20 years. His entry under the instrument of December 28, 1873, was not adverse to plaintiffs. Babcock v. Utter, *40 N. Y. 397. He never surrendered the possession which he acquired under that instrument. Rhoades v. Freeman, 9 App. Div. 21, 41 N. Y. Supp. 135. The plaintiffs, in the reply, admit that the defendant Peck called upon Thomas L. Harison, but they deny the allegations of the answer as to what then occurred, and the proofs do not show it. If the defendant held adversely from the time he took the deed from Peck (as to which see O'Donnell v. McIntyre, 118 N. Y. 156, 23 N. E. 455), that deed being given in 1882, would not sustain the defense.

Assuming the defendant is in a position to get the benefit of a tax title, the question arises whether the comptroller's deed to Peck was valid, it not appearing that the grantee gave the six-months notice to redeem required by section 68 of chapter 427 of 1855. The claim of the defendant is that the direction of the verdict for defendant amounts to a finding that no one was in occupation at the expiration of two years from the sale, and that, therefore, there was no occasion to give the notice. The sale, as stated in the comptroller's deed, was in September, 1871. It was shown on the part of the plaintiffs that one Perry was in possession in September, 1873, and that he was succeeded in the possession by the defendant. This was, in substance, the testimony of the witness Rafferty, and it was not contradicted by the defendant, although, if not correct, it might have been. The defendant was in a position to know whether or not it was correct. A portion of the premises was cleared and under cultivation, and there was a house on the premises. The evidence did not, I think, warrant the conclusion that the premises were not occupied in September, 1873. Concededly they were occupied at the date of the deed from the comptroller to Peck in June, 1879. In Lucas v. McEnerna, 19 Hun, 14, it was held that "the six-months notice to redeem, which the statute requires to be given to the occupant of any lot sold by the comptroller for nonpayment of taxes must be given when any portion of the entire lot is occupied at the time of the giving of the deed by the comptroller. The notice must be given notwithstanding the fact that the land was not occupied when the two years allowed by the statute for redemption had expired, and the purchaser became entitled to a deed." See, also, Lockwood v. Gehlert, 127 N. Y. 241, 250, 27 N. E. 812; 2 Blackw. Tax Titles, § 681.

The court, I think, erred in holding, in effect, that it was not necessary for the defendant to show the service of notice to redeem. If the defendant be deemed in possession under the instrument of December 28, 1873, as under a contract of sale, he was· in default, and ejectment would lie. Plet v. Willson, 134 N. Y. 139, 141, 31 N. E. 336; Pierce v. Tuttle, 53 Barb. 155. Section 65 of chapter 427 of the Laws of 1855, as amended by chapter 448 of the Laws of 1885, did not make the comptroller's deed evidence of service of the notice required to be served by the grantee under section 68 of the act of 1855. If the land was occupied, the deed was not properly recorded unless accompanied with the proof of the service of the notice as required by the act. Sections 68–73, Act 1855; Turner v. Boyce, 11 Misc. Rep. 502, 33 N. Y. Supp. 433. In Ostrander v. Darling, 127 N. Y. 79, 27 N. E. 353, the premises were unoccupied. We think the trial court erred in directing a verdict for the defendant.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur. ·