PURDY v. COLLYER et al.

{Supreme Court, Appellate Division, Second Department. February 11, 1898.)

1. LIMITATIONS—AGREEMENT TO SATISFY MORTGAGE.
    The statute of limitations runs against an action to compel specific performance of an agreement to satisfy existing mortgages on specified real property, and, if the averments of the complaint constitute the action one for such relief, the plaintiff cannot escape the bar of the statute by resorting to the principle that it does not run against an action to remove a cloud on a title.

2. ACTION TO REMOVE CLOUD.
    An action to remove a cloud on a title cannot be maintained by a plaintiff, who has no interest in or title to the property affected.

Appeal from special term, Westchester county.

Action by Ebenezer J. Purdy against John A. Collyer and Elizabeth Jane Purdy, to compel defendants to specifically perform an alleged agreement to satisfy two certain mortgages on real property. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

A. J. Adams, for appellant.
Isaac N. Mills, for respondents.

HATCH, J. We think the court below was clearly right in its holding that the statute of frauds did not constitute a defense to the maintenance of the action. The appellant insists, however, that the court was wrong in ruling that the statute of limitations was a bar to the action. His contention in this regard is based upon the claim that the mortgages constitute a cloud upon his title to the land, and that the statute of limitations never runs against an action to remove a cloud upon the title. The appellant is undoubtedly right in his statement that the statute of limitations does not run against such an action. Miner v. Beekman, 50 N. Y. 337; De Forest v. Walters, 153 N. Y. 229, 47 N. E. 294. But this rule of law is not available to the appellant in this action, for the reason that his complaint is not framed upon any such theory. The averments of the complaint constitute the action one for the specific performance of the contract entered into by and between the parties. The most liberal construction cannot construe it into anything else. Such action is barred by the statute. Peters v. Delaplaine, 49 N. Y. 362; Plet v. Willson, 134 N. Y. 139, 31 N. E. 336; Kelly v. Potter (Sup.) 16 N. Y. Supp. 446.

Aside from this, there is another and complete answer to this claim. The specific averment of the complaint is that the mayor, aldermen, and commonalty of the city of New York have acquired the fee of the property upon which the mortgages are a lien. In actions for the determination of conflicting claims to real property, the plaintiff must show possession in himself in order to maintain the action. Code Civ. Proc. §§ 1638, 1639; Pom. Eq. Jur. § 1396 et seq. Here, by express averment, the plaintiff shows that he has no interest in or title to the property. It may be that the plaintiff has standing to contest the

right to the fund created by the appropriation of the land by the city, but we can find no ground upon which he is entitled to relief in this action. The judgment should therefore be affirmed. All concur.