## CARY v. GIVEN.

(Supreme Court, Appellate Division, Second Department.　April 21, 1911.)

1. EVIDENCE (§ 471*)—TAX TITLES—OPINION EVIDENCE.

In an action to establish a tax title, where the question of statutory notice came in issue, it was not a conclusion of law for a witness to testify that the lot was vacant.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149-2185; Dec. Dig. § 471.*]

2. TAXATION (§ 810*)—TAX TITLES—DEEDS—EVIDENCE—SUFFICIENCY.

In a proceeding to recover land by virtue of a tax deed, evidence *held* to show that it was unoccupied when sold within Laws 1893, c. 711, § 14, requiring notice to occupants of lots sold for taxes.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 810.*]

3. TAXATION (§ 810*)—TAX TITLES—NOTICE—BURDEN OF PROOF.

Where land was sold for taxes, and a tax deed was given under Laws 1893, c. 711, § 11, and section 14 of the same chapter provides that, if the land be in the actual occupancy of any person, certain notice must be given to the occupant, the burden of proving occupancy is upon the one who seeks to invalidate the deed for lack of notice.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 810.*]

Carr, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Fanny Cary against Robert Given to recover the possession of certain land. From a judgment dismissing plaintiff's complaint, and denying a motion for new trial, plaintiff appeals. Reversed, and new trial ordered.

See, also, 137 App. Div. 900, 122 N. Y. Supp. 1124.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

William M. Benedict, for appellant.

Walter G. Rooney, for respondent.

THOMAS, J.　The action, begun in 1907, is to recover possession of lot 50 in Flatbush, facing on Washington avenue. In the rear of such lot are lots 24 and 25, facing on Cedar Lane. Plaintiff claims title under a tax deed given by the State Comptroller to one Warmworth, dated February 25, 1897, recorded July 6, 1898. This deed was excluded upon the ground that there was no evidence of notice to the occupant of lot 50, in accordance with the provisions of section 14 of chapter 711 of the Laws of 1893, pursuant to which the lot was sold in December, 1895, for taxes levied in 1893. Pursuant to that act (section 7) the owner and occupant was entitled to redeem within one year, which expired in December, 1896, and thereafter in 1897, pursuant to section 11, the Comptroller executed the deed, which, as

such section declares, "shall vest in the grantee an absolute estate in fee simple." But section 14 of such chapter declares:

"If any lot or separate tract of land sold for taxes by the Comptroller and conveyed, or any part thereof shall, at the time of the expiration of one year given for the redemption thereof, be in the actual occupancy of any person, the grantee to whom the same shall have been conveyed, or the person claiming under him shall within one year from the expiration of the time to redeem, serve a written notice on the person occupying such land, either personally or by leaving the same at the dwelling house of the occupant, with a person of suitable age and discretion belonging to his family. * * * The notice shall state in substance, the sale and conveyance of the land, the person to whom made, the amount of consideration money mentioned in the conveyance, with the addition of thirty-seven and one-half per centum thereon, and of the sum paid for the deed, and that unless such consideration money and percentage with the sum paid for the deed, shall be paid into the state treasury for the benefit of the grantee, within six months after the time of filing in the Comptroller's office of the evidence of the service of such notice, the conveyance shall become absolute and the occupant and all others interested in the land be forever barred from all right or title thereto. No conveyance made in pursuance of this section shall be recorded until the expiration of the time mentioned in such notice, and the evidence of the service of such notice shall be recorded with such conveyance."

The deed was excluded and the complaint dismissed, upon the ground that the notice required by section 14 had not been given. It was not given, as the plaintiff claimed that lot 50 was vacant, and that there was no occupant entitled to the notice within the terms of the statute. Section 14 defines an occupant as follows:

"The term 'occupant' shall be construed to mean a person who has lawfully entered upon the land so occupied, has an actual domicile thereon, and is in possession of the same to the exclusion of every other person. And the term 'occupancy' shall mean the actual lawful and exclusive use and possession of such lands and premises by such an occupant."

Lot 50 was separately assessed, as were lots 24 and 25 in the rear. There was no house on lot 50 until one was moved thereon in 1900 at the instance of the defendant. There was a fence around lot 50, and, although the witness Warmworth stated that the fence ran around 50 and also included lots 24 and 25, yet Mrs. Jordan, who lived in the house on the lots in the rear to about the end of the year 1896, states that there was a fence between her and Washington avenue. Mrs. Jordan's husband at some time in 1896 occupied lot 50. Plaintiff offered and the court excluded a deed to Warmworth, dated January 20, 1893, from the Comptroller, upon the sale of lot 50 to him for unpaid taxes of the year 1888, which deed was given pursuant to chapter 427 of the Laws of 1855, recorded in September, 1895, and also excluded notice to redeem, served by Warmworth on Jordan April 6, 1893, filed with the Comptroller at some time not stated in the latter's certificate. Section 68, c. 427, of the Laws of 1855, provides:

"No conveyance made in pursuance of this section shall be recorded, until the expiration of such notice, and the evidence of the service of such notice shall be recorded with such conveyance."

There is no evidence of the record of such notice, and, in the absence of the evidence of the time when the same was filed with the Comptroller, from all that appears the time for redemption from the first sale had not expired at the time of the trial. The first deed was offered to show possession in Warmworth under it, and it appears that Jordan paid Warmworth $2 for the use of lot 50, whereon the latter had a vegetable garden. Warmworth testified to vegetables on lot 50 up to 1895, and, as the only occupation shown was by Jordan, it must have ceased with the year 1896. The witness Schenck, called by plaintiff, was asked as to the condition of the lot from 1897 to 1900 or 1901, and stated that it, with others, was fenced in, and used practically as a garden plot, and occupied as such prior to 1900. However, the evidence of Warmworth and Jordan tends to show that such occupation was prior to 1897. Plaintiff offered to show that there was no one in occupation of lot 50 or in possession of it, that it was vacant and no house on it, and that the house was moved in 1907. This evidence was excluded.

[1] It may be that it was in some instances subject to the objection that the answer involved a conclusion, but whether it was vacant or had a house on it was a fact, and such evidence was admissible. Again, plaintiff was precluded from showing the first physical occupation from 1895 to 1900 and 1901, although he was practically allowed to show that the only occupation was vegetables.

[2] In any case, there was sufficient evidence that there was no occupancy of lot 50 "at the time of the expiration of one year given for the redemption thereof," or thereafter to 1900, and so plaintiff made a prima facie case that there was not such occupancy within the meaning of section 14 of chapter 711 of the Laws of 1893. The notice could not be given until the deed had been delivered in February, 1897, and at that time Jordan's occupancy had ceased.

[3] Moreover, the deed given by the Comptroller pursuant to section 11 of that chapter vested an absolute estate in fee simple, which was not impaired unless there was at the time when the notice was due such occupancy, and I consider that it was not the duty of plaintiff to show nonoccupancy for the purpose of validating the conveyance to him, but that the burden was on defendant to show that there was an occupancy within the statute which demanded that the notice should be given; for, as already stated, the deed carried a title in fee simple, defeasible upon condition of occupancy and failure to give notice. This was a condition subsequent under all principles relating to conditions, and the breach must be proved by the person asserting it. If it be a condition precedent, then no title whatever vested in the grantee under the Comptroller's deed, and under such construction section 11 would be without force or meaning.

Therefore it is concluded that the court erred in excluding evidence that the premises were vacant, although perhaps that evidence was first and last supplied, and in dismissing the complaint without submitting the question of occupancy to the jury, and also in imposing upon the plaintiff rather than the defendant, who gave no evidence,

the burden of showing that there was no such occupancy as required that the notice should be given pursuant to the statute.

The judgment and order should be reversed and a new trial granted, costs to abide the event.

JENKS, P. J., and HIRSCHBERG and RICH, JJ., concur. CARR, J., dissents.

