THE WEST END BREWING COMPANY, Plaintiff, *v.* CHARLOTTE G. OSBORNE, Defendant.

Supreme Court, Schenectady County, March 9, 1929.

*Curtin & Curtin,* for the plaintiff.

*Edgar W. Snell,* for the defendant.

HEFFERNAN, J. On April 15, 1913, plaintiff acquired title to the real property known as lots 743 and 744, Fagan's Locust Park, located partly in the county of Schenectady and partly in the county of Albany. There are no buildings on the premises nor has there been any cultivation or inclosure thereof. About 1920 plaintiff caused to be erected thereon a signboard substantially ten by forty feet advertising its products. There was nothing on this board to indicate the name of the owner. The testimony discloses that the name of General Outdoors Advertising Company appeared thereon but no address was given.

Taxes assessed against the premises for the year 1926 were not paid. Because of the failure to pay these taxes, the premises were advertised for sale by the county treasurer of Schenectady county pursuant to the provisions of article 7 of the Tax Law. The lands were sold by that official to Edgar W. Snell on October 29, 1926, for the sum of twenty dollars and sixty cents, being the accrued taxes, interest and other charges, and he received the usual tax sale certificate. On November 1, 1927, Mr. Snell assigned his interest in this certificate to defendant and on the same day the assignment was filed in the office of the county treasurer. On November 18, 1927, the county treasurer executed and delivered to defendant a deed of the premises and this deed was subsequently recorded. This action is brought to recover possession of the lots in question and to cancel the tax deed.

Plaintiff had the right to redeem the lands at any time within one year after the day of sale by paying to the treasurer for the use of defendant the sum mentioned in the certificate together with interest and any tax which defendant paid between the days of sale and redemption. (Tax Law, § 152.)* It omitted to do this. Instead, however, and on March 16, 1928, plaintiff tendered to defendant the amount expended by her for the deed, accrued taxes and interest and demanded that she execute and deliver to it a quitclaim deed of her interest in the property. Defendant refused to comply with the demand. Thereafter and on the same day,

---

* Amd. by Laws of 1916, chap. 332; since amd. by Laws of 1928, chap. 738.— [REP.

plaintiff filed with the county treasurer an affidavit by one of its officers stating *inter alia* that defendant had failed to give plaintiff notice to redeem the property. Acting upon this affidavit and after the receipt of the money required to redeem, the county treasurer executed and delivered to plaintiff a deed of the premises.

It is undisputed that the assessment of the tax and all proceedings preceding and including those of the tax sale were valid and regular. Plaintiff insists, however, that defendant's title is defective because at the expiration of the equity of redemption, the lots were actually occupied by it and no notice to redeem was given to it nor was the proof of service of such notice recorded with the deed. Defendant asserts that the premises were not occupied and concedes that no notice to redeem was given and that consequently no proof of service thereof was recorded with the conveyance.

The sole question for determination is whether the lands were actually occupied at the expiration of the redemption period. The provisions of article 6 of the Tax Law relating to sales by the State for unpaid taxes and the redemption of lands are applicable to sales made by county treasurers. (Tax Law, § 158; *Sheldon* v. *Russell*, 91 Misc. 278; *Gabel* v. *Williams*, 39 id. 489.) If the premises sold for taxes or any part thereof shall at the time of the expiration of one year given for the redemption thereof be in the actual occupancy of any person, the grantee to whom the same shall have been conveyed, or the person claiming under him, shall within one year from the expiration of the time to redeem serve a written notice on the person occupying such land containing certain particulars. (Tax Law, § 134.)* No conveyance made in pursuance of that section shall be recorded until the expiration of the time mentioned in the notice and the evidence of the service of such notice shall be recorded with such conveyance. (Tax Law, *supra*.) When the lands are occupied, failure to give the required statutory notice for redemption renders a tax deed subsequently executed and delivered entirely ineffective as a grant of title. The record of such a deed without the record of evidence of the service of the notice required by the provisions of this section of the Tax Law is void. (*Ostrander* v. *Reis*, 206 N. Y. 448; *People* v. *Ladew*, 189 id. 355; *People* v. *Durey*, 123 Misc. 642.) The fact that the land was not occupied during the redemption period is immaterial; if it were actually occupied at the time of the giving of the treasurer's deed, the notice must be served. (*Harison* v. *Caswell*, 17 App. Div. 252; *Lucas* v. *McEnerna*, 19 Hun, 14.) The fact of occupancy must be shown by the person alleging it

---

* Since amd. by Laws of 1928, chap. 845.—[Rep.

as the giving of the notice is a condition subsequent. (*Cary* v. *Given*, 144 App. Div. 221.) Likewise the burden of proving occupancy is on one attacking a deed recorded without the proof of service of notice on occupants. (*Cary* v. *Given, supra; Wells* v. *Johnston*, 55 App. Div. 484; affd., 171 N. Y. 324.) The occupant of the land has a right to rely on the provisions of the statute requiring the giving of notice to him and cannot be divested of his rights by a tax sale where the required notice has not been given. The statute directing the redemption notice to be served on the person in occupancy of the lands contemplates an actual and not a constructive possession. No possession or occupancy within the meaning of the statute can be predicated on an occasional or temporary use of the premises.

It seems to me that at the time defendant obtained the treasurer's deed there was no actual occupancy of these premises in contemplation of law. Certainly the proof fails to establish any such occupancy as called for a compliance with the provisions of law that a written notice to redeem must be served upon the occupant. The mere erection of a signboard upon the premises by plaintiff advertising its products is wholly insufficient to establish occupancy by plaintiff within the meaning of section 134 of the Tax Law. (*Voss* v. *Martin Coal Co.*, 215 App. Div. 718; modified on other grounds, 243 N. Y. 545; *People* v. *Turner*, 145 id. 451; *People ex rel. Marsh* v. *Campbell*, 143 id. 335.) The deed which plaintiff received from the county treasurer was wholly unauthorized, confers no title upon it and is a nullity. The plaintiff has no standing to maintain this action.

For these reasons, the complaint must be dismissed, with costs.