STANLEY WNUK and Another, Plaintiffs, *v*. ALBERT TULL,
Defendant.

Supreme Court, Nassau County, March 26, 1934.

*Harry W. Moore*, for the plaintiffs.

*Nathan I. Kaplan*, for the defendant.

BONYNGE, J.   This motion for judgment on the pleadings raises rather more than the usual number of novel questions of law.   The action is to recover real property sold by the plaintiffs to the defendant under an oral contract.   The answer purports to raise issues as to the precise terms of the contract and also as to the extent and adequacy of performance by the respective parties.

In a statutory action of this character the plaintiffs are not required to disclose their theory of action.   It is enough to allege, in general terms, the plaintiffs' ownership and right to immediate possession and that the defendant unlawfully withholds possession. The present complaint fulfills these requirements.   From the pleadings it would appear that the plaintiffs may ultimately prevail upon either one of two theories, viz., (1) that the contract of sale was oral and, therefore, void under the Statute of Frauds, and (2) that the defendant has failed to perform his part of the contract.

When the plaintiffs urge the invalidity of the contract as a basis for the granting of this motion, they are met by the facts that the defendant is in possession of the premises contracted to be sold and that he claims to have made part payment as well as substantial improvements. Upon such a showing properly pleaded as an equitable defense or counterclaim, a court of equity might very well decree specific performance or grant other appropriate relief. (*McKinley* v. *Hessen*, 202 N. Y. 24.) However, to attain any such result, the defendant must invoke the equitable powers of the court and the present so-called defenses are entirely too bare and sketchy for the purpose.

The defendant's denial of the terms of the contract pleaded by the plaintiffs raises no triable issue and thus avails him nothing, since it affirmatively appears that the contract was oral and, therefore, void. As long as the action remains exclusively one at law, the defendant must accept the consequences of his folly in relying upon an oral engagement, and submit to the strict application of common law rules. It is only by appealing to the equitable powers of the court, to prevent the possible perpetration of a fraud, that the defendant can hope to escape the dilemma which besets him.

The motion for judgment on the pleadings will be granted, with leave to the defendant to serve an amended answer within ten days upon payment of ten dollars costs. Any equitable issue raised thereby will entitle the parties to a separate and speedy trial, which may conceivably be decisive of the whole controversy. (*City of New York* v. *Matthews*, 156 App. Div. 490; affd., 213 N. Y. 563; *Golran Realty Corp.* v. *Butler Grocery Co.*, 230 App. Div. 661.)