CHESTER N. BALLARD and Another, Plaintiffs, v. LEONARD D. KNAPP and Others, Defendants.

Supreme Court, Schuyler County, May 12, 1934.

*Harold H. Cassidy*, for the plaintiffs, for motion.

*Seaman F. Northrup* [*James O. Sebring* of counsel], for the defendants Knapp, opposed.

PERSONIUS, J. This is an action in ejectment. About May 24, 1928, the plaintiffs contracted to sell a house and lot in Watkins Glen to the defendants Leonard D. Knapp and Veronica Knapp, hereinafter referred to as the defendants. They entered into and still hold possession thereof.

It is alleged in the complaint that the defendants failed to pay installments of principal, interest and taxes and are in default. Two issues are raised by the amended answer. It denies that the defendants are in default and for a further defense alleges that the plaintiffs were not in possession of the entire premises, had no right to sell the same, and did not yield to the defendants and the defendants did not take possession of the entire premises.

The premises are located on the easterly side of Franklin street and are bounded on the north by the center line of Mill creek. When a concrete bridge was constructed on Franklin street across said creek the southeast corner of the masonry was extended outside the street line over and upon some portion of the lands in and adjoining said creek. Whether such encroachment in fact damages the defendants, or was known to the defendants at the time of

their purchase, is immaterial and not considered here. (*Schultz* v. *Busendorf*, 117 Misc. 405.)

The amended answer does not seek rescission, specific performance with an abatement from the purchase price or any equitable relief.

It is well settled that ejectment is a proper remedy under the circumstances, and that in such action a vendee in default " cannot attack or dispute the title of his vendor, without surrendering the possession which he thus obtained. If he refuses to perform the contract on the ground that the vendor cannot give a good title, he cannot do so and still hold possession." (*Rhoades* v. *Freeman*, 9 App. Div. 20, 23.) To the same effect see *Wnuk* v. *Tull* (151 Misc. 3); *Pierce* v. *Tuttle* (53 Barb. 155, 167); *Plet* v. *Willson* (134 N. Y. 139, 141); *Wright* v. *Delafield* (23 Barb. 498, 518); *Pratt* v. *Peckham* (44 Hun, 247, 250, 251; affd., 122 N. Y. 669); *Harison* v. *Caswell* (17 App. Div. 252, 256); *Graves* v. *White* (87 N. Y. 463, 466; 66 C. J. p. 1341, § 1319; p. 1030, § 776); *Jackson* v. *Spear* (7 Wend. 401, 403, 404). In the last case the court said: " But I apprehend that there was another very material question, growing out of the facts of this case, which should have been submitted to the jury, and which was not embraced in the view of the case presented to them, viz., whether or not Jacob Spear entered into possession of the premises under the contract to purchase made with Winter, and consequently under Winter's title. If he did so enter, he and those succeeding to his possession are precluded from denying Winter's title, until they have surrendered the possession thus obtained."

It follows that the alleged affirmative defense should be struck out as insufficient in law in this action of ejectment by the vendors against the vendees. (Rules Civ. Prac. rule 109, subd. 6.) If the vendees have a defense, it is not alleged. (*Wnuk* v. *Tull, supra; Rhoades* v. *Freeman, supra*, 23, 24.)

We come then to the defendant's denial of the allegation that they have failed to make the agreed payments and are, therefore, in default. Can a denial be struck out as sham? May affidavits be used on a motion to strike out a denial?

Whether affidavits may be used on a motion to strike out an answer or some part thereof as sham under rules 103 and 104 seems to be a mooted question. (Compare *Liberty Investing Corp.* v. *Huntington Investing Corp.*, 224 App. Div. 867, and *Flushing Manor, Inc.*, v. *Hotkin*, 234 id. 716, with *Monica Realty Corp.* v. *Bleecker*, 229 id. 184, 186.) (See, also, 3 Carmody N. Y. Prac. § 1062.) It has in fact been doubted that a general or special denial can be struck out as sham even on affidavit. The

confusion apparently arose in the transition from the practice under the Code of Civil Procedure to the practice under the Civil Practice Act and new rules. In *Fleischer* v. *Terker* (259 N. Y. 60) the Court of Appeals held that a denial could not be struck out as sham " on mere inspection " on a motion where no affidavits were presented. At page 62 the court said: " If it [a sham denial] is to be disposed of on motion, its falsity must be determined by affidavits. Under the new rules, pleadings are taken at their real value to be ascertained before trial by affidavits on motion if necessary." Again, at page 63: " ' It was no doubt the object of the Civil Practice Act and Rules of Civil Procedure * * * to simplify the issues to be tried by eliminating before trial defenses without merit. Express authority to that end is given, *not only where the defect appears upon the face of the pleading, but also where it does not and where affidavits may be used.*' If the rules are followed, the practice may be simplified, technicalities and delays avoided, but parties must still be given their day in court when they present substantial denials." The court expressly declined to determine whether general denials may be stricken out on affidavits but held that they could not be disregarded " on mere inspection."

The real purpose of the new rules is to eliminate defenses which have no merit. A denial as well as an affirmative defense may be without merit. True, a defendant verifying a false denial may be charged with perjury. (*Wayland* v. *Tysen*, 45 N. Y. 281, 285.) This, however, affords no practical relief in a civil action. In the present case the defendants make no claim to having paid the installments required by the contract. On the argument the contrary is practically conceded. They do claim that the times to make the payments were extended or waived but no such defense is pleaded. It is clear that the defendants' denial of their default under the contract is false and sham. We hold that affidavits to establish such falsity are permissible on this motion. In *Sherling* v. *Gallatin, etc., Inc.* (237 App. Div. 535) a complaint in foreclosure alleged the failure of the defendants to pay principal and interest. The answer denied this allegation. The court granted a motion for judgment on affidavit showing the falsity of the denial.

Inasmuch as the denials contained in the amended answer are sham and the alleged affirmative defenses insufficient in law, we think the plaintiffs' motion must be granted (*Bischoff* v. *Isadore Holding Corp.*, 233 App. Div. 682), but with leave to the defendants to serve an amended answer within ten days upon payment of ten dollars costs and ten dollars costs of this motion. (*Wnuk* v. *Tull, supra.*)

Submit order accordingly.